[No. 911.  Decided November 20, 1893.]

*In the Matter of the Estate of Lewis H. Eyres, deceased:*
Jennie H. Eyres, *Respondent,* v. Mary M. Baker *et al., Appellants.*

HUSBAND AND WIFE — DEVISE OF HUSBAND'S SEPARATE PROPERTY
— RIGHT OF WIDOW TO HOMESTEAD.

Under the legislation of this state relating to the property rights
of husband and wife, a wife cannot claim a homestead in the sepa-
rate property of her deceased husband, which he has by will devised
to another.

*Appeal from Superior Court, Lewis County.*

*Palmer & Palmer,* for appellants.

*H. Julius Miller,* and *A. E. Rice,* for respondent.

The opinion of the court was delivered by

Hoyt, J.——This was a proceeding in the superior court
by which the respondent sought to have set aside for her
use certain real estate which had belonged to her deceased
husband, and which was, at the time of his death, occupied
by him.   It is conceded that the real estate sought to be
so set aside was the separate property of said husband, and
that the same had never been by him in any manner
selected as a homestead.   It is also conceded, or made
plainly to appear by the record, that the husband had, in
his lifetime, duly devised such property to the appellant
Mary M. Baker. . Various questions are raised by the ap-
pellants as to the regularity of the proceedings in the court
below, but the real merits of the controversy depend upon
a single proposition, and that is, as to whether or not,
under our statute, a widow is entitled, as against the will
of her deceased husband, to have his separate real estate
set aside by the court for her use as a homestead.   Respond-

ent earnestly contends that, under the provisions of § 972 of the Code of Procedure, the court must be held to have such power, and she cites numerous decisions from the State of California to show that such has there been the construction of a somewhat similar statute.   If this section stood alone, we should ·be of the opinion that the construction contended for is the correct one, not only from the fact that such has been the holding of the California courts, but also for the reason that such would seem to be the reasonable construction of the language used;  but it is the duty of a court, in coming to a conclusion as to the proper construction of any provision of the statute law, to examine the same in the light of all the other provisions upon the same or relative subject matter;  and when we so examine the provisions of this section, it will be found that our law relating to the rights of husband and wife, when taken as a whole,· is so different from' that of the State of California that but little aid can be gathered from the decisions of its courts;  and when we further examine them in the light of the statute relating to the exemption of property from forced sale on execution, a still further dissimilarity will appear.

It follows that we must construe the provisions of our statute in relation to this subject matter with but little, if any, aid from decisions elsewhere.   Such being our duty, we must look at the entire legislation relating to the property rights of husband and wife, and construe these provisions, as to the setting aside of a homestead after the death of the husband, in the light thereof.   In title 16, ch. 2, Gen. Stat., the legislature has, at some length, sought to clearly define these rights.   The first section of said chapter, being § 1397, provides as follows:

"Property and pecuniary rights owned by the husband before marriage, and that acquired by him afterwards by gift, bequest, devise or descent, with the rents, issues and.

profits thereof, shall not be subject to the debts or contracts of his wife, and he may manage, lease, sell, convey, encumber or devise by will, such property without the wife joining in such management, alienation or encumbrance, as fully and to the same effect as though he were unmarried.''

And the next section gives to the wife practically the same rights as to her separate property as are given to the husband by the section above set out as to his. In addition to these express provisions, which seem to empower each of the spouses with the right to absolutely control and dispose of their separate estate, there are many other provisions contained in said chapter, all of which can only be harmonized with the intent on the part of the legislature therein to provide that the *status* of the separate property of each of the spouses should be entirely uninfluenced by the marriage relation existing between the two spouses. Such legislation having created an entity composed of the two spouses, sought to clothe it with all the property rights incident to, or growing out of, the marriage relation, and to leave property which would not, under the provisions of the statute, belong to this entity absolutely subject to the control and disposal of the spouse to whom it belonged as though he or she were unmarried. Such being the whole tenor of the legislation upon this subject, we feel compelled to hold that, under the provisions of § 1397 above set out, the husband had the right, as against the wife, to devise his separate estate by will to whomsoever he saw fit, and that no act of the wife, either before or after the death of her husband, could in any manner prevent the taking effect of such devise.

The question is not now before us as to what would be the rights of a widow to have a homestead set off to her out of the separate real estate of her deceased husband where he had not devised the same by will, and we express no opinion thereon. It may be that this construction of said § 1397

will not best subserve the public interest, as it may follow therefrom that a husband having a large amount of separate property might devise the same, and upon his death leave his widow without any provision whatever for her support.    Such cases, however, will be so rare that no great public injury can flow therefrom, but even if it should, the intent of the legislature as expressed in said section is so clear that we cannot interpret it otherwise than as we have, and the remedy, if any, must come from the legislature.

The order appealed from will be set aside, and the cause remanded with instructions to deny the petition of the respondent.

DUNBAR, C. J., and ANDERS, J., concur.

STILES and SCOTT, JJ., concur in the result.