[No. 3803.   Decided March 6, 1901.]

CARRIE M. AUSTIN, as *Administratrix, Appellant,* v. AUGUSTA G. CLIFFORD *et al., Respondents.*

HUSBAND AND WIFE — LANDS PURCHASED AFTER MARRIAGE — WHEN SEPARATE PROPERTY.

The presumption that lands acquired by purchase after marriage are community property is overcome in a case where it appears that the husband, prior to marriage, had accumulated over $23,000 worth of land in the business of buying, improving and selling real estate, of which he sold about $20,000 worth within a year after his marriage and bought other land with the proceeds, including that in controversy, without the use of any money of his wife or of the community in the purchase of the same.

SAME — HOMESTEAD IN DECEDENT'S ESTATE — ORDER SETTING ASIDE IN SPOUSE'S SEPARATE PROPERTY — EFFECT UPON TITLE.

A homestead set aside by the court, under Bal. Code, §§ 6219, 6222, to the widow and minor child of a decedent does not vest the title to such homestead in them, when the land exempted as a homestead was the separate property of the decedent; but such sections must be construed in connection with § 5246, by which it is provided that if a homestead was selected from the community property, the land rested in the survivor upon the death of either spouse, and "in other cases, upon the death of the person whose property was selected as a homestead, it shall go to his heirs or devisees, subject to the power of the superior court to assign the same for a limited period to the family of the decedent."

Appeal from Superior· Court, Pierce County.—Hon. WILLIAM H. H. KEAN, Judge. Affirmed.

*George C. Israel,* for appellant.

*M. L. Clifford,* for respondents.

The opinion of the court was delivered by

MOUNT, J.—This appeal is from a decree of the superior court of Pierce county in the matter of the distribution of the estate of Algernon S. Austin, Jr., deceased, husband of appellant, wherein the lower court found the property here in controversy to have been the separate property of said deceased, and distributed it as such. Algernon S. Austin, Jr., died intestate in Pierce county, October 6, 1898, leaving a widow and infant child; also two grown children by a former wife. On October 28, 1898, appellant was appointed as the administratrix of the estate of deceased, and thereafter proceeded in due course of law to settle up the said estate. Upon the hearing of the petition for final accounting and distribution of the estate, appellant claimed lot 8, block 524, of Central Addition to the city of Tacoma, as a homestead for herself and minor child, and asked that the same be excluded from the distribution and set aside to her as such homestead. The court denied the homestead claim, and from a decree distributing this property as the separate property of deceased appeal is taken.

The first question presented here is whether or not this property was the separate property of deceased. The record discloses the following facts: That deceased for several years prior to his marriage to appellant, which occurred January 1, 1890, had been engaged in buying and improving real estate and selling the same; that at the time of his marriage he had realty in and about the city of

Tacoma valued at about $23,000. He thereafter contin-
ued in the same business and, in the language of appel-
lant, "he just sold property, and then bought and built
houses, and sold again, using his own money all the time."
The property in question was purchased by deceased in De-
cember, 1890, about one year after his marriage to appellant.
After his said marriage, and before he purchased the prop-
erty in question, he sold of the property owned at the
time of said marriage several lots, aggregating $20,000,
and that of the property purchased after marriage none
had been sold at the time of the purchase of the lot in
question; that no money of appellant or of the community
was used in or about the purchase of this property. From
these facts it is readily observed that this lot was and is
separate property of deceased. Whatever presumption
there may be that the property acquired after marriage
by either spouse is community property is here overcome
by clear and convincing proof that it is separate estate.

In the course of the administration of the estate appel-
lant obtained an order of the court setting aside the above-
described property as a homestead, and appellant now
insists that this order of the court was conclusive of the
rights of the heirs to the same and fixed the status of the
property as the homestead of appellant. This contention
is based upon §§ 6219 and 6222, Bal. Code. These sec-
tions cannot be held to vest the fee to such homestead in
the widow, irrespective of the claims of other heirs. They
exempt such homestead from the payment of any debts,
whether community or individual, and authorize the court
to set aside the use thereof for a limited period to the fam-
ily of deceased. The order of the court could do no more.
These sections must be read and construed in connection
with § 33 of the Acts of 1895, at page 114, being § 5246,
Bal. Code. By this section, if the selection had been

made from community property, the land on the death of either of the spouses would unquestionably vest in the survivor, but "*in other cases* upon the death of the person whose property was selected as a homestead, it shall go to his heirs or devisees, subject to the power of the superior court to assign the same for a limited period to the family of the decedent." The language here is clear and unambiguous, and requires no construction.

The cause must be affirmed, with costs against appellant in her own proper person and not against the estate.

REAVIS, C. J., and FULLERTON, DUNBAR and ANDERS, JJ., concur.