[No. 4306. Decided September 17, 1902.]

OLIVER STEWIN et al., Appellants, v. MINNIE THRIFT, Administratrix, Respondent.

HOMESTEAD — RIGHT OF MINOR CHILD TO SELECT.

Where neither the husband in his lifetime, nor the widow after his death, made any selection of a homestead in community realty, a minor child cannot claim one after the death of his parents, as against the other heirs of the community, since Bal. Code, §§ 6219, 6222, which provide for a homestead to the widow and minor children, must be construed in connection with the

general homestead law, which has superseded the provisions con-
tained in such sections permitting the selection of a homestead
to be made by minor children.

SAME — ASSIGNMENT TO MINOR — HARMLESS ERROR.

The denial of a minor's claim to have the use of his mother's
portion of community real property assigned to him upon her
death, as permitted by Bal. Code, § 5246, will not be reversed, when
it appears that at the time of the order he was within sixteen days
of the age of majority, and there is no showing that the use of
the property for that limited a period would have been of value
to him.

DECEDENT'S ESTATE — ALLOWANCE FOR SUPPORT OF MINOR — NECES-
SITY.

A minor child is entitled to an allowance out of, and not to the
whole of, the personal property of his deceased parents, for his
support during his minority, and then only upon a showing of
necessity therefor.

Appeal from Superior Court, Pierce County.—Hon.
WILLIAM O. CHAPMAN, Judge. Affirmed.

*Murry & Lueders,* for appellants.

*Ellis L. Garretson* and *Frank A. Luse,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—In 1899, Charles Hunt and Mary B.
Hunt were husband and wife, and as a community were
the owners of one hundred and sixty acres of land situ-
ated in the county of Pierce, upon which they then re-
sided, and of certain personal property of which they
were in possession. On June 3d of the year named
Charles Hunt died intestate, leaving him surviving, his
widow, Mary B. Hunt, and six children. Of the child-
ren, one—the appellant here, Winchester Hunt—was a
minor in his nineteenth year, then residing with his father
and mother. The others were of adult age, living apart
from the parental home. The mother and Winchester Hunt
continued to reside upon the land and to retain possession

of the personal property until July 1, 1901, when the
mother died intestate.    Thereafter Minnie Thrift, a
daughter of the decedents, applied for and was granted
letters of administration upon their estates; the interests
of each of the decedents in the real property being treated
as a separate estate, and separate letters of administration
being. granted therefor.    The personal property was in-
ventoried as the property of the deceased wife, Mary B.
Hunt.    The real property was valued by the appraisers
at $1,500, and the personalty at $213.65.    After the re-
turn of the inventory and the appraisement thereunder,
Winchester Hunt, who was then within a few months of
the age of majority, through his guardian, Olive Stewin,
applied to the court to have the real property set apart to
him as a homestead, and the personalty as property not
subject to administration, offering in his application to
pay the funeral expenses and costs of administration then
accrued.    This appeal is from the orders denying the .ap-
plication.

The claim of the apellant to the real property is based
upon the provisions of the homestead statutes of this state.
Those pertinent to the inquiry are the following:

"Section 5237.    Homesteads may be selected and claimed
in lands and tenements with the improvements thereon,
not exceeding in value the sum of two thousand dollars.
The premises thus included in the homestead must be
actually intended and used for a home for the claimants,
and shall not be devoted exclusively to any other pur-
poses."

"Sec. 5243.    In order to select a homestead the hus-
band or other head of a family, or in case the husband has
not made such selection, the wife must execute and
acknowledge, in the same manner as a grant of real prop-
erty is acknowledged, a declaration of homestead, and file
the same for record.

"Sec. 5244.    The declaration of homestead must contain—

1.    A statement showing that the person making it is the head of a family; or when the declaration is made by the wife, showing that her husband has not made such declaration, and that she therefore makes the declaration for their joint benefit;

2.    A statement that the person making it is residing on the premises or has purchased the same for a homestead and intends to reside thereon and claims them as a homestead;

3.    A description of the premises;

4.    An estimate of their actual cash value.

"Sec. 5245.    The declaration must be recorded in the office of the auditor of the county in which the land is situated.

"Sec. 5246.    From and after the time the declaration is filed for record the premises therein described constitute a homestead.    If the selection was made by a married person from the community property, the land, on the death of either of the spouses, vests in the survivor, subject to no other liability than such as exists or has been created under the provisions of this chapter; in other cases, upon the death of the person whose property was selected as a homestead, it shall go to his heirs or devisees, subject to the power of the superior court to assign the same for a limited period to the family of the decedent; but in no case shall it be held liable for the debts of the owner, except as provided in this chapter."

"Sec. 6219.    When a person shall die, leaving a widow, or minor child or children, the widow, child or children, shall be entitled to remain in possession of the homestead, and of all the wearing apparel of the family, and of all the household furniture of the deceased; and if the head of the family in his lifetime had not complied with the provisions of the law relative to the acquisition of a homestead, the widow, or the child or children, may comply with such provisions, and shall be entitled on such compliance to a homestead as now provided by law for the

head of a family, and the same shall be set aside for the use of the widow, child or children, and shall be exempt from all claims for the payment of any debt, whether individual or community. · Said homestead shall be for the use and support of said widow, child or children, and shall not be assets in the hands of any administrator or executor for the debts of the deceased, whether individual or community."

"Sec. 6222.   When property shall have been set apart for the use of the family, in accordance with the provisions of this chapter, if the deceased shall have left a widow and no minor children, such property shall be the property of the widow; if he shall have left also a minor child or children, one half to the widow, and the remainder to such child, or in equal shares to such children, if there are more than one; if there be no widow, then the whole shall belong to the minor child or children."

It is upon § 6219 that the claim of the appellant is mainly rested.   He contends that, inasmuch as no homestead was selected by the father during his lifetime, the right to select vested in the mother on his death, and that, had the land been so selected, title in fee to one half thereof would have vested in his mother and the other half in himself, under the provisions of § 6222; that he thus had a vested right to title in fee to one-half of the land, which could not be defeated by inaction on the part of the mother.   Sections 6219 and 6222, standing alone, undoubtedly lend color to this claim.   But we said in *Austin v. Clifford,* 24 Wash. 172 (64 Pac. 155), that these sections must be read and construed in connection with the general homestead act of 1895, and, so reading and construing them, it would seem that §§ 6219 and 6222 had been in part superseded by that act.   It will be noticed that the tenure by which a homestead is held by the survivor of a community is made to depend upon the nature of the title to the land from which the homestead is se-

lected. If it is selected from community property in the lifetime of both spouses, it vests in the survivor in fee, and becomes his or her separate property; if it is selected from separate property, it goes, on the death of the person from whose property it was selected, to the heirs or devisees of such person, subject to the power of the court to assign it for a limited period to the family of the decedent. Now, § 6219 provides that, if the head of the family in his lifetime had not complied with the provisions of the law relative to the acquisition of a homestead, his widow may comply with such provisions, "and shall be entitled on such compliance to a homestead as now provided by law for the head of the family;" that is to say, if she makes the selection from what was formerly the community property of herself and husband, she takes title thereto in fee, to the exclusion of the children, minors as well as adults; if she selects from her late husband's separate property, she takes a limited estate, the duration of which is fixed by the court having jurisdiction over the estate. *Austin v. Clifford, supra.* In the case before us the property was the community property of the decedents. Had the husband selected a homestead therein prior to his death, or had the wife selected one subsequent to his death, the whole thereof would have vested in fee in the wife, to the exclusion of the minor appellant; and he has, therefore, no vested interest in the title to any part of the lands by reason of the homestead statutes. To state the case in different words: on the death of the father, the land, being community property, passed, under the statute of descents, one-half to the mother as her separate property, and one-half to the children, adults as well as minors, subject to the right of the mother to select a homestead therefrom; and, as the mother failed to exercise this right, the children's portion vested in them in fee at her death,

subject, of course, to the costs of administration and the probable debts against the estate of the father. The interest of the minor in the property, other than his interests as an heir, was the right to have his mother's portion of the property assigned to his use "for a limited period," perhaps during his minority. As it appears, however, that he was within sixteen days of the age of majority at the time the order appealed from was entered, and as it is not shown that the use of the property for this limited period would have been of value to him, we find no cause for reversing the orders because he was denied the use of the property for that time.

We have not overlooked § 6215 of the statute. Aside from the fact that it is doubtful whether this statute is any longer operative in view of certain provisions of the homestead act and the act relating to descents, passed subsequently to its enactment, it has no application here, because its operation is confined in terms to estates of less value than one thousand dollars, while here, according to the appellant's own showing, which is all that appears in the record, this estate was of greater value than one thousand dollars.

We find no error in the order refusing to award the appellant the personal property. At most he was entitled to an allowance therefrom for his support during his minority, and then only upon a showing of necessity therefor. No such showing appears in the record before us.

The orders appealed from are affirmed.

REAVIS, C. J., and DUNBAR, HADLEY, WHITE, ANDERS and MOUNT, JJ., concur.