[No. 6786.   Decided July 10, 1907.]

IN RE PATRICK MURPHY'S ESTATE.

MARY MURPHY, *Respondent*, v. MARY A. NEYLON *et al.*, *Appellants.*[1]

HUSBAND AND WIFE—COMMUNITY PROPERTY—DEED—EFFECT OF RECITALS. Recitals in a deed to a husband to the effect that the land was his separate property, do not affect the community character of the land where it was purchased with community funds and the wife was unaware of the recitals.

HOMESTEAD—WIDOW—SELECTION. The widow is entitled to claim a homestead in community land purchased for that purpose and occupied as a home by the deceased at the time of his death, although not previously selected as a homestead.

SAME—ABANDONMENT. A widow is not deprived of her homestead rights by the fact that she was driven therefrom by her husband without cause and not permitted to return, where she never evinced any intention of abandoning the same, and the property constituted the home of the husband at the time of his death.

SAME—ALLOTMENT. Four lots in one tract may be set aside to a widow as a homestead, although there are two houses thereon, one under lease, where the whole tract was purchased for a home, was less than $1,000 in value, and the evidence as to the value of the buildings is not clear, one appearing to be a mere shack.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered July 9, 1906, upon findings in favor of the plaintiff, granting an application to set aside real property as a homestead. Affirmed.

[1]Reported in 90 Pac. 916.

*Troy & Falknor*, for appellants.

*Vance & Mitchell*, for respondent.

Crow, J.—Patrick and Mary Murphy were husband and wife from March, 1880, until the death of the husband in December, 1905. On October 6, 1902, Patrick Murphy, for a consideration of $650, purchased a tract of land consisting of four platted lots in the city of Olympia, with two small buildings located thereon. Claiming that it was purchased with his separate funds he, without the knowledge or consent of his wife, caused the deed to make the following recital: "It is hereby declared that the above described property is purchased by the said Patrick Murphy with money belonging to him as his separate property and not as community property." Patrick Murphy died testate, having executed a will in which he devised the lots to one Nellie Collins, his niece, and made the following declaration: "I declare that I own said described real estate in my own separate right, and that the money by which said lots were purchased was received by me as an inheritance from my brother John Murphy, who died in San Francisco, California, and that my wife Mary Murphy has no community interest whatever in said described lots." The will was admitted to probate, and Michael J. Neylon and Mary A. Neylon were appointed and qualified as executor and executrix. On July 9, 1906, the superior court, on the written application of the widow, entered a decree setting aside all of said real property to her as a homestead. From this decree the executor and executrix have appealed.

After filing her written application, and prior to the decree, the respondent filed in the office of the auditor of Thurston county, Washington, a declaration of homestead on the property. On the hearing the trial court found the following facts: That Patrick Murphy died testate on December 15, 1905, in San Francisco, California, being then a resident of Thurston county, Washington, and having real and personal property situate therein; that his will was admitted to pro-

bate; that letters of administration were issued to Michael J. Neylon and Mary A. Neylon, as executor and executrix; that the family of the deceased consisted of himself and his surviving wife, Mary Murphy; that the value of the real estate is less than $1,000; that the legal title thereto was acquired in the name of Patrick Murphy; that at the time of its acquisition it was, and continued until the death of Patrick Murphy to be, the community property of himself and wife; that they acquired the property for the purpose and with the intent of making it their home; that during his lifetime neither he nor his wife took any steps to comply with the provisions of the law relative to the acquisition of a homestead other than by living thereon; that the property was the home of Patrick Murphy at the date of his death; that there is no other realty belonging to the estate or the petitioner in which she can claim a homestead, and that since the death of Patrick Murphy she has fully complied with the law relative to the filing on said real estate as a homestead for the benefit of herself as his surviving widow.

The appellants' first contention is that the real estate was the separate property of Patrick Murphy, and that the same having been devised to the testator's niece, no homestead can be granted to the widow therein, citing *Eyres v. Baker*, 7 Wash. 291, 34 Pac. 831. We have carefully examined the evidence and are satisfied that it sustains the finding that the realty was not only community property, but was also purchased and used for the home of decedent and respondent. The recitals in the deed were unknown to the respondent at all times prior to the death of Patrick Murphy, and did not destroy the community character of the property conveyed, which had been purchased with community funds. While the evidence shows that Patrick Murphy had inherited some money from a deceased brother, it also establishes the fact that all of such inheritance had been dissipated and consumed prior to the purchase of the lots in question. The declaration in the will was self-serving and did not bind the respondent. The

real estate was community property, was purchased for a home, and respondent is entitled to claim a homestead therein.

The appellants further contend that, even though the realty was community property and a homestead could be secured therein, the court had no power to set aside all of such realty to respondent, as there were two houses which were under lease, at the death of the testator, not occupied as a homestead, and that the buildings are separated by a partition fence. The evidence shows that the respondent and decedent actually occupied one of the houses as a home until the decedent, by abuse and cruelty, drove the respondent therefrom; that he never permitted her to again live with him; that his conduct was without just cause or excuse, and that when he left the state of Washington he intended to return, but died before doing so. To hold under such circumstances that the respondent can now claim no homestead, and to do so for the sole reason that she was not actually residing on the property as contemplated by Bal. Code, § 5214 (P. C. § 5456), would be to annul the humane purposes of the homestead act, and hold that a husband, by driving his helpless wife from their home, could entirely deprive her of her homestead rights. Respondent did not leave the property voluntarily, nor did she ever evince any intention of abandoning her homestead. It would be a travesty on justice to now hold that she had been deprived of her rights by the inexcusable and cruel conduct of her husband.

The appellants further contend that, in any event, as one of the buildings was leased for the period of almost a year after the death of Patrick Murphy and was separated from the other building by a partition fence, the leased building could not be held as a homestead. There is evidence tending to show that two buildings were on the land, with some sort of a partition fence between. The four lots, however, were all in one tract. They were purchased for a home at one time. The evidence is not clear as to the character or value of the buildings. The smaller one must have been a mere shack. The value of both with the lots was less than $1,000,

and they had been purchased in 1902 for $650. From all the evidence relative to the character and value of this property, we are not prepared to hold that the court committed any error in setting aside the entire tract as a homestead.

The appellants have made some contention that the court erred in the matter of the admission and rejection of evidence, but we find no prejudicial error to have been committed in this regard.

The judgment is affirmed.

HADLEY, C. J., FULLERTON, MOUNT, and ROOT, JJ., concur.