[No. 9688.  Department One.  January 15, 1912.]

NELLIE FAIRFAX, *as Administratrix etc., Appellant*, v.
CATHERINE WALTERS *et al., Respondents.*[1]

JUDGMENTS—CONCLUSIVENESS—FINALITY. An order in probate setting aside a homestead to a widow is *res adjudicata*, if the court had jurisdiction and the administrator appeared or had sufficient notice to appear and try out the question.

HUSBAND AND WIFE—COMMUNITY PROPERTY—EXECUTORS AND ADMINISTRATORS—HOMESTEAD FOR WIDOW—TITLE CONFERRED—STATUTES. Under Rem. & Bal. Code, §§ 1465, 1466, authorizing the probate court to set aside a homestead for the support of the widow and children, if none was selected by the deceased in his life, which homestead shall be exempt from debts and not treated as assets of the estate, an order setting aside to the widow a homestead from community property vests in her the title in fee, if the court had jurisdiction to make the order.

EXECUTORS AND ADMINISTRATORS — HOMESTEAD FOR WIDOW — APPRAISAL AND ORDER—NOTICE—JURISDICTION—JUDGMENT — CONCLUSIVENESS. Under Rem. & Bal. Code, §§ 1465, 1466, making it the duty of the probate court when certain facts appear to set aside a homestead of a specified value for the care and support of the widow and children, which homestead shall not be assets in the hands of the administrator, an order appraising and setting aside a homestead upon the widow's petition, filed in the probate case, is a proceeding within the administration of the estate requiring no personal service upon the administrator as in the case of an original proceeding; but notice to the attorney authorized to represent the administrator in the administration of the estate confers jurisdiction to make the appraisement and order, which is final and conclusive, if not resisted (PARKER, J., dissenting).

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered April 8, 1911, in favor of the defendants, upon motion for judgment on the pleadings. Affirmed.

*Gallagher, Smith & Mack*, for appellant.

*John Salisbury*, for respondents.

[1]Reported in 120 Pac. 81.

MOUNT, J.—In this case the lower court granted a judgment in favor of the defendants upon the pleadings. The plaintiff has appealed.

The facts as they appear from the pleadings are as follows: The plaintiff is the administratrix of the estate of William J. Jolly, deceased. The defendant Catherine Walters is the mother of the plaintiff, and was the widow of William J. Jolly, deceased. She has married Chris Walters since the death of her former husband. When Mr. Jolly died, on September 27, 1907, he left as his heirs the defendant Catherine Jolly, his widow, the plaintiff Nellie Fairfax, his daughter, and Jarvis Jolly, a minor son. He left an estate consisting of both real and personal property. On August 21, 1908, Nellie Fairfax was regularly appointed administratrix of this estate. Thereafter appraisers were appointed, and the real estate was appraised at the value of $1,800; the personal property at the value of $430. All this property was community property of William J. Jolly, deceased, and his wife, Catherine Jolly.

After the appraisement, the widow executed and filed a homestead declaration upon the real estate, stating that the value thereof did not exceed $1,800, and that William J. Jolly during his lifetime had made no homestead declaration. She thereupon filed a petition in the estate, alleging the foregoing facts, and also that she and her minor son, Jarvis Jolly, were residing upon the land at the time of the death of her husband, and ever since have been residing thereon as their home; and prayed the court to set the same aside to her as her homestead. This petition was not served upon the administratrix personally. It is alleged in the answer that the petition was served upon the attorneys for the administratrix. This allegation is denied by the reply, but it is admitted that notice of the hearing upon the petition was served upon the attorneys for the administratrix. After this notice, the petition came on for hearing, and the court, on February 20, 1909, made and entered an order setting

aside the real estate as the homestead of the widow.    There-
after, on October 18, 1910, this action was begun to set
aside this order, upon the ground that no service of the pe-
tition was made upon the administratrix, and that she had
no knowledge thereof until just prior to the commencement
of this action; and therefore the court had no jurisdiction to
make the order; and, also, upon the ground that the value of
the estate at that time was $5,000, and that the widow
fraudulently alleged the value thereof at $1,800.

The controlling question is whether the court had juris-
diction to set the estate over to the widow as a homestead.
If the court had jurisdiction to do this, and the adminis-
tratrix appeared in that proceeding or had such notice as
imposed the duty upon her to appear and try out the ques-
tion of value or the right of the court to make the order,
then that order was *res adjudicata.    In re Doane's Estate,*
64 Wash. 303, 116 Pac. 847.

The statute provides as follows:

"When a person shall die, leaving a widow, or minor child
or children, the widow, child or children, shall be entitled to
remain in the possession of the homestead, and of all the
wearing apparel of the family, and of all the household fur-
niture of the deceased; and if the head of the family in his
lifetime had not complied with the provisions of the law rela-
tive to the acquisition of a homestead, 'the widow, or the
child or children, may comply with such provisions, and shall
be entitled on such compliance to a homestead as now pro-
vided by law for the head of a family, and the same shall be
set aside for the use of the widow, child or children, and
shall be exempt from all claims for the payment of any debt,
whether individual or community.   Said homestead shall be
for the use and support of said widow, child or children, and
shall not be assets in the hands of any administrator or
executor for the debts of the deceased, whether individual or
community." Rem. & Bal. Code, § 1465.

"In case of the appointment of an executor or adminis-
trator upon the death of the husband, as mentioned in the
last preceding section, the court shall, without cost to the

widow, minor child or children, set apart for the use of such widow, minor child or children, all the property of the estate by law exempt from execution; if the amount thus exempt be insufficient for the support of the widow and minor child or children the court shall make such further reasonable allowance out of the estate as may be necessary for the maintenance of the family according to their circumstances, during the progress of the settlement of the estate." Rem. & Bal. Code, § 1466.

In *Stewin v. Thrift*, 30 Wash. 36, 70 Pac. 116, we said: "In the case before us the property was the community property of the decedents. Had the husband selected a homestead therein prior to his death, or had the wife selected one subsequent to his death, the whole thereof would have vested in fee in the wife, to the exclusion of the minor appellant; . . ."

See, also, *In re Murphy's Estate*, 46 Wash. 574, 90 Pac. 916.

It is said by the appellant that the cases of *Austin v. Clifford*, 24 Wash. 172, 64 Pac. 155, referred to in the above entitled case, and *Stewin v. Thrift, supra,* were both overruled in the case of *In re Lloyd's Estate*, 34 Wash. 84, 74 Pac. 1061. We had no intention of overruling those cases. They were cited with approval in that case, which was a case where the homestead selection was made out of the separate property of the husband, and therefore, under the plain terms of the statute, could be set aside to the widow only for a limited time, or "until the final settlement of the estate." In this case, however, the homestead was selected from the community property, and for that reason the title vested in the widow in fee, provided the court was authorized to make the order.

It is argued that a petition for an order to set aside the homestead to the widow is an original proceeding, of such a character that personal service upon the administrator is necessary. For the purposes of this case, we must assume that no personal service was made upon the administratrix. Notice was, however, given to her attorneys. There can be

no doubt that an attorney is not authorized to accept service of original process for his client without special authority. *Ashcraft v. Powers*, 22 Wash. 440, 61 Pac. 161. But it is said in that case that, where an attorney has made a voluntary appearance in behalf of the party, the "judgment entered thereon will not be set aside except for clear and convincing proof that the attorney did not have authority to appear."

In this case, it is conceded that the attorneys upon whom notice was served were attorneys for the administratrix, "to represent her in the administration of the estate." But it is alleged "that said attorneys have no right or authority or power to appear for her in any other capacity or proceeding." We are satisfied that this was a proceeding strictly within the administration of the estate; for we have seen above, in the provisions of Rem. & Bal. Code, § 1465, when certain facts appear, it becomes the duty of the court in the administration of the estate to set aside the homestead, "for the use and support of the widow, child or children," and the homestead "shall not be assets in the hands of the administrator." The facts necessary to call forth such order are all admitted to have existed at the time it was made. The only question open then, under the admitted facts, was the value of the estate. The appraisement as made under the direction of the court and the administratrix shows the estate to have been worth less than $2,000. If the attorneys were authorized to represent the administratrix in the administration of the estate, it is apparent that they were authorized to accept service of notice of the application to set over the homestead to the widow, and if they did not appear to resist the order, it was clearly their duty to do so, and the order made thereon became as to the administratrix final and conclusive, after the time for review thereof.

The judgment is therefore affirmed.

DUNBAR, C. J., FULLERTON, and GOSE, JJ., concur.

PARKER, J. (dissenting)—I am not able to see my way clear to concur in the view that the court could acquire jurisdiction to set aside the homestead by a mere notice of hearing given to the attorney for the administratrix, so as to render the order binding upon the administratrix; and this seems to be the only notice supporting the court's jurisdiction in this case. I therefore dissent.