[No. 11472. Department Two. January 23, 1914.]

*In the Matter of the Estate of* ANDREW A. HEDEMARK.
F. L. STEWART, *Administrator, Appellant,* v. J. T. GEAR, *Guardian, et al., Respondents.*[1]

HOMESTEAD — FOR SUPPORT OF MINOR CHILDREN — RESTRICTIONS— STATUTES—CONSTRUCTION. The homestead to be set aside, under Rem. & Bal. Code, § 1465, for the use of the widow and minor children of the deceased, where he, in his lifetime, failed to select one, cannot be awarded from his separate property to his children in fee, there being no widow; since the land descends to his lawful heirs, subject to debts and the children's rights, which would be the same as the widow would have taken had she filed a declaration, and since the court is only authorized to set aside a homestead for the widow and children "for a limited period," with an allowance for support.

Appeal from a judgment of the superior court for Cowlitz county, Darch, J., entered June 3, 1913, setting aside a homestead for minor heirs, after a hearing upon stipulated facts. Reversed.

*McKenney & Brush,* for appellant.

*B. L. Hubbell,* for respondents.

[1]Reported in 137 Pac. 1031.

MOUNT, J.—This appeal is from an order of the superior court for Cowlitz county, setting apart in fee certain real property as a homestead for the minor heirs of Andrew Hedemark, deceased.

The facts are stipulated. It appears therefrom that Andrew Hedemark died, intestate, in February, 1912. At the time of his death, all the real and personal property belonging to the estate was his separate property. He left surviving him six children, four of whom are minors. At the time of his death, he owned certain real property in West Kelso, Washington, upon which he resided with his children. He had never filed a declaration of homestead. In May, 1912, after the appointment of an administrator, the superior court of Cowlitz county made an order setting aside the premises in question to the minor heirs, to be used by them during the settlement of the estate, and at the same time made an allowance of $20 per month out of said estate pending the settlement thereof. A large number of claims have been filed against the estate by creditors. The assets of the estate will probably not be sufficient to satisfy these claims.

The premises are incumbered by a mortgage of $1,700 which with interest, amounts to $1,900; and subject to the mortgage the premises are worth less than the sum of $1,000.

In April, 1913, J. T. Gear, who had theretofore been appointed guardian of the minors, filed a petition to have the property in controversy set aside in fee as a homestead for the minor heirs. The adult heirs renounced all interest in the premises in favor of the minors. At the time of filing this petition, the guardian also filed a declaration of homestead, claiming the premises as a homestead for the minor heirs. The court thereafter made an order setting the premises apart to the minor heirs in fee, and releasing the same from administration and all claims against the estate. The administrator has appealed from that order.

The only question presented upon this appeal is whether the lower court had authority under the statute to set aside the

premises in fee to the heirs as a homestead.  Questions similar
to the one here presented were before this court in *Austin v.
Clifford*, 24 Wash. 172, 64 Pac. 155; *Stewin v. Thrift*, 30
Wash. 36, 70 Pac. 116; and *In re Lloyd's Estate*, 34 Wash.
84, 74 Pac. 1061.  In *Stewin v. Thrift, supra,* we quoted in
full all the statutes bearing upon the question, and there said:

"But we said in *Austin v. Clifford*, 24 Wash. 172 (64 Pac.
155), that these sections must be read and construed in con-
nection with the general homestead act of 1895, and, so read-
ing and construing them, it would seem that §§ 6219 and
6222 had been in part superseded by that act.  It will be
noticed that the tenure by which a homestead is held by the
survivor of a community is made to depend upon the nature
of the title to the land from which the homestead is selected.
If it is selected from community property in the lifetime of
both spouses, it vests in the survivor in fee, and becomes his or
her separate property; if it is selected from separate prop-
erty, it goes, on the death of the person from whose property
it was selected, to the heirs or devisees of such person, sub-
ject to the power of the court to assign it for a limited period
to the family of the decedent.  Now, § 6219 provides that,
if the head of the family in his lifetime had not complied with
the provisions of the law relative to the acquisition of a
homestead, his widow may comply with such provisions, 'and
shall be entitled on such compliance to a homestead as now
provided by law for the head of the family;' that is to say, if
she makes the selection from what was formerly the commun-
ity property of herself and husband, she takes title thereto
in fee, to the exclusion of the children, minors as well as
adults; if she selects from her late husband's separate prop-
erty, she takes a limited estate, the duration of which is fixed
by the court having jurisdiction over the estate."

And *In re Lloyd's Estate, supra,* we said:

"The logic of the opinion in the case of *Austin v. Clifford,
supra,* shows plainly that, under the facts as stated therein,
the widow had no permanent homestead rights or estate in
the deceased husband's property; that it descended to his
heirs at law, including the widow.

"Applying this rule to the proceedings at bar, it must nec-
essarily follow that the realty in question, on the death of

Michael Lloyd, vested in his lawful heirs, subject to the lawful rights and claims of creditors, and all parties interested, in the regular course of administration. See, further, *Stewin v. Thrift*, 30 Wash. 36, 70 Pac. 116. If the contentions of appellant's counsel be correct, no matter how valuable the homestead of decedent may be, it must go to his widow or children, to the exclusion of the rights of his creditors. This would have the effect of enlarging the homestead rights of the widow and children, by reason of the death of the husband. We cannot give our statutes on this subject any such forced construction. The filing of the appellant's homestead declaration after the death of her husband can have no such effect. Section 5246, *supra,* refers to the selection of the homestead, made prior to the death of either spouse."

It is plain, under the provisions of Rem. & Bal. Code, § 1465 (P. C. 409 § 325), which is Ballinger's Code, § 6219, referred to in *Stewin v. Thrift, supra,* that the child or children therein mentioned take the same as the widow; they obtain no greater right by the subsequent homestead declaration than the widow. The logic of the decisions above referred to is, that the children of Andrew A. Hedemark obtained no greater interest in the estate of their father by reason of the homestead declaration than the widow would have obtained had she filed such declaration; and that the effect of such declaration was to authorize the court to set aside the homestead for a limited period, as was said in *Stewin v. Thrift, supra,* "perhaps during his minority," and did not authorize the court to set aside the homestead in fee to the minor children. The order of the lower court setting aside the homestead to the minor children in fee was therefore error, because the power of the court is limited to setting aside such homestead for a limited period, with an allowance for their support.

The order must therefore be reversed.

CROW, C. J., PARKER, MORRIS, and FULLERTON, JJ., concur.