[No. 18425. Department One. May 12, 1924.]

*In the Matter of the Estate of* JOHN N. BUTLER, *Deceased.*

REBECCA J. BUTLER, *Appellant,* v. FRANK G. BUTLER *et al., Respondents.*[1]

EXECUTORS AND ADMINISTRATORS (58)—ALLOWANCE TO SURVIVING WIFE—STATUTES—CONSTRUCTION. It is the policy of this state to secure ample provision for the support of the widow and dependent family of the decedent, and statutes to that end will be liberally construed.

SAME (58)—ALLOWANCE TO SURVIVING WIFE—PROPERTY DISPOSED OF BY WILL. Under Rem. Comp. Stat., § 1474, providing that a widow's homestead shall not be taken from the separate property of the deceased which is otherwise disposed of by will where the deceased and the surviving spouse have no minor child living, a widow's allowance cannot be made from a residuary bequest of separate estate to deceased's children by a former marriage.

[1]Reported in 225 Pac. 629.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered September 27, 1923, upon findings in favor of the defendants, denying an allowance to a surviving wife, after a trial to the court. Affirmed.

*Arthur F. Hoppe, Walter Christian,* and *Gates & Randles,* for appellant.

*Danson, Williams, Danson & Lowe,* for respondents.

TOLMAN, J.—John N. Butler died in 1923, leaving Rebecca J. Butler, the petitioner herein, his surviving spouse. His estate consisted of separate property acquired before his marriage with petitioner, and appears to have been invested wholly in bonds, mortgages and like securities. There were no children of the marriage between deceased and the petitioner. By his last will, which was admitted to probate in Spokane county, this state, decedent gave his wife the income from ten thousand dollars during her natural lifetime, or until she remarried, specifically bequeathing the principal to his children by a former marriage. No homestead had ever been declared or claimed. All of the residue of the estate was devised and bequeathed in general terms to decedent's three children above referred to.

In due time Rebecca J. Butler, his surviving spouse, petitioned the court having jurisdiction of the estate to have securities of the value of $3,000 set over and awarded to her under Laws of 1917, p. 670, ch. 156, § 103 [Rem. Comp. Stat., § 1473]. The trial court found as a fact that, by the terms of his will, decedent disposed of his entire estate, drew the conclusion that petitioner was not entitled to the relief sought, and by its decree dismissed the petition with costs in favor of the executors. From this disposition of the case, the petitioner has appealed.

The facts are all conceded and the question presented is purely one of law. Appellant contends that it has long been the legislative policy of this state to secure ample and generous provision for the widow and dependent members of a decedent's family, and that statutes enacted to that end are strongly favored by the courts and should be liberally construed, citing *In re Hooper's Estate,* 117 Wash. 463, 201 Pac. 740; *In re Johnson's Estate,* 114 Wash. 61, 194 Pac. 834, and *In re Bowen's Estate,* 95 Wash. 82, 163 Pac. 379, and other like cases.

Admitting that such is the policy of the legislature and the disposition of the courts, and with the desire to consistently follow that course, we approach the present question.

Section 103 of the act of 1917, above referred to, provides that when no homestead has been claimed prior or subsequent to the death of the person whose estate is being administered, the court, may, under the conditions and restrictions therein stated, set aside either community property or separate property of the estate, not exceeding $3,000 in value, to the surviving spouse, and § 104, following, carries this proviso:

"  . . . *Provided,* That the awards in this and the next preceding section provided for, shall not be taken from separate property of the deceased, which is otherwise disposed of by will, where there is no minor child living as the issue of the surviving spouse and the deceased." [Rem. Comp. Stat. § 1474.]

The question thus presented is, was the property here sought to be set aside "otherwise disposed of by will"? The primary rule of statutory construction is that the legislative intent is controlling. Where the intent is plain there is no room for construction. 25 R. C. L., p. 960, § 216. Under the statutes which were

in existence prior to the act of 1917, as construed by this court, a homestead, if claimed from community property, vested absolutely in the survivor at the death of the other spouse; but when selected from separate property, the surviving spouse took a limited estate only. *Austin v. Clifford*, 24 Wash. 172, 64 Pac. 155; *Stewin v. Thrift*, 30 Wash. 36, 70 Pac. 116. Nor was there any statutory provision for an award in lieu of a homestead. The most that the widow could then claim was the right to occupy the separate property as a home for a limited time to be determined by the court; but the title thereto vested in the heirs, whether the husband had died intestate or had devised his property by will. To better this situation the present statute was enacted, and the legislature seems to have gone as far as it reasonably might to remedy the situation, and to have made its intention as clear as language will permit. The residuary clause of a will is just as much a part of the will, and a disposition of the property to which it applies is just as effective, as any other provision or disposition contained therein, and we see no convincing force to the argument presented here which seeks to lead us to a contrary view.

We find nothing in what is said in *In re Hooper's Estate, supra,* which conflicts with this view; but on the contrary, the reasoning of that case, we think, strongly favors the views here expressed. The property sought to be set aside having been otherwise disposed of by will, the judgment of the trial court was right, and it must be and is affirmed.

MAIN, C. J., HOLCOMB, PARKER, and MACKINTOSH, JJ., concur.