. THE FIRST NATIONAL BANK OF CHATTANOOGA *vs.* MAS-SENGILL.

1. Where a homestead and exemption of personalty were taken under the constitution of 1868, they continued so long as the family for whose benefit they were taken existed as such. A homestead so taken was not destroyed by the adoption by the constitution of 1877; and a new homestead set apart to the head of the family, under the latter constitution, was a nullity.
2. Where a homestead was set apart under the constitution of 1868, if it was not of as much value as the homestead allowed by the constitution of 1877, after the adoption of the latter, it could be supplemented and increased to that amount; but the additional exemption must be set apart as a supplement to that already granted. The setting apart of a new homestead is not the granting of a supplement to a former homestead, and is not valid as such.

December 16, 1887.

Homestead. Constitutional law. Before Judge FAIN. Catoosa superior court. February. term, 1887.

Reported in the decision.

J. H. ANDERSON and R. J. McCAMY, for plaintiff.

W. H. PAYNE and McCUTCHEN & SHUMATE, for defendant.

SIMMONS, Justice.

The plaintiff in error obtained a judgment against the defendant in error, and had execution issued thereon, and levied on certain personal property. The defendant in error filed a claim to the property. The case was submitted to the court upon the following agreed statement

of facts: that the plaintiff had a valid *fi. fa.* and that it was levied on the property claimed, and that it was in the possession of the defendant at the time it was levied on; that Massengill owed no debts that were contracted prior to 1868; that on the 9th of October, 1876, Massengill, as head of a family, had set apart to himself a homestead of realty and personalty under the constitution of 1868; that the debt on which the *fi. fa.* was now sought to be enforced was founded, was contracted after the present constitution became of force; that on the 30th of January, 1886, Massengill applied for a homestead of realty and personalty under the constitution of 1877, and that said homestead was duly set apart. Included in the first homestead were lot of land 94 and the west half of 93, in Catoosa county; said lands were also included in the second homestead, and in addition thereto, lots of land 130, 131 and 159 in said county. The last described land was bought by Massengill, after the first was set apart, from the proceeds of bark gotten in Tennessee, and not from the proceeds of the land first set apart, and the produce levied on was raised on the land last bought.

The question submitted to the court on the above statement of facts was, whether Massengill could have a homestead under the constitution of 1877 as against the plaintiff's debt. The court decided that the last taken homestead was valid and protected the property levied on from the plaintiff's *fi. fa.*, and entered up a judgment to that effect; to which judgment the plaintiff in error excepted, and assigns error thereon. It was argued by the counsel for the defendant in error, in support of the judgment of the court below, that when debts which were contracted prior to the adoption of the present constitution ceased to exist, the homestead taken to protect the family against these debts also ceased to exist, and that it was necessary to take a new exemption under the present constitution to protect against debts contracted since it went into effect; or, in other words, that the adoption of the present

constitution destroyed all homesteads taken prior to its adoption, as to debts contracted since.

We do not agree with the learned counsel in this construction of our constitution. Instead of destroying homesteads taken prior to its adoption, we think it expressly ratifies and confirms them, not only as to debts contracted prior thereto, but as to all subsequent debts; and we hold that whenever a person authorized by law took the benefit of the homestead and exemption laws under the constitution of 1868, the homestead so set apart for him under the law continues to exist as long as the family for whose benefit it was taken continues to exist as such family. (Code, §5217; *Nelson vs. Commercial Bank; Hart vs. Evans*, decided at this term, *ante*, pp. 328, 330.) This being true, Massengill had no right, under the law, to take out a second homestead, and if he did so it was a nullity.

But it was insisted by counsel for the defendant in error that, even if this were the true law of the case, Massengill still had a right to supplement his first homestead, under the constitution and laws of this State; and if he had a right to do that, then the court could treat this second homestead as a mere supplement to the first one. We agree with him that, although Massengill took out his first homestead prior to 1877, he is still, under the law, entitled to supplement that homestead, if he does so according to the mode prescribed by law. It is manifest from this record that this was not an attempt to supplement his homestead in 1868, but an effort to obtain a new and independent one. We think that when an application is made to supplement a homestead or exemption, notice should be given that it is for that purpose. Indeed, the statute prescribes that he shall resort to the "methods of setting apart and valuation of the exemptions provided in this article. The proceedings shall be in all respects the same." In this case, the creditors had no notice that this was an application to supplement the homestead. The only notice they had of the application was of a new and independent one.

Knowing that he had already had a homestead set apart to him, they had a right to treat the second one as a nullity, and not appear and contest the application for the second. If he had given notice of his application to supplement, then they would have been bound to have appeared and contested with him, or they would have been estopped thereafter.

In holding as we do, that the defendant in error had a right to apply to supplement his homestead and exemption taken out under the constitution of 1868, we do not intend thereby to rule that he can supplement to the amount of the homestead and exemption allowed under the constitution of 1868, but that he can supplement up to the amount now allowed by law, if he has not that amount already taken out under the constitution of 1868. Holding that this was a second homestead instead of an application to supplement a prior homestead, we think the court erred in his ruling; and the judgment is therefore reversed.