[No. 6967. Decided January 30, 1908.]

## T. J. DONALDSON *et al., Respondents,* v. JOHN W. WINNINGHAM *et al., Appellants.*[1]

GUARDIAN AND WARD—APPOINTMENT—INSANE PERSONS—NECESSITY OF ADJUDICATION OF INSANITY. In the absence of fraud or conspiracy, the superior court has jurisdiction to appoint a guardian for an insane person irrespective of a prior adjudication of insanity, which is accordingly irrelevant on the question of the validity of the guardianship proceedings.

JUDGMENT—COLLATERAL ATTACK. In an action to quiet title acquired at a judicial sale, a cross-complaint by the former owner attacking the validity of the order or judgment of sale, is a direct and not a collateral attack on the order or judgment, in which the jurisdiction of the court to make the order may be inquired into.

[1]Reported in 93 Pac. 534.

GUARDIAN AND WARD—APPOINTMENT—INSANE PERSONS—NECESSITY
OF NOTICE—SALE OF PROPERTY.  Service of notice of the application
for the appointment of a guardian of an insane person, upon the
person having the care and custody of the insane person, is a juris-
dictional prerequisite to an order of sale of such insane person's real
property.

HOMESTEAD—DECLARATION—NECESSITY.  Under Laws 1895, p. 109,
there is no homestead right in property acquired since the passage
of the act unless a declaration of homestead is executed and filed as
therein required.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered May 18, 1907, upon findings
in favor of the plaintiffs, after a trial on the merits before
the court without a jury, in an action to quiet title. Reversed.

*J. H. Allen* and *M. M. Winningham*, for appellants.

*H. E. Foster*, for respondents.

RUDKIN, J.—The defendants acquired the property in con-
troversy on the 2d day of January, 1902, and occupied the
same as their home until the 10th day of January, 1905. On
the latter date the defendant Maggie M. Winningham was
adjudged insane by the superior court of King county and
committed to the Western Washington Hospital for the In-
sane at Fort Steilacoom.  On the 2d day of March, 1905, the
defendant John W. Winningham was appointed guardian of
the person and estate of the defendant Maggie M. Winning-
ham, by the same court.  On the 18th day of May, 1905, the
defendant John W. Winningham, for himself and as guard-
ian of the person and estate of his codefendant Maggie M.
Winningham, conveyed the property to one William Winning-
ham, pursuant to an order of the superior court made and
entered in the guardianship matter, and William Winning-
ham in turn conveyed to the plaintiffs.  The present action
was instituted by the plaintiffs to quiet their title as against
the Winninghams.  The court made findings and granted

judgment according to the prayer of the complaint, and the defendants have appealed therefrom.

The appellant Maggie M. Winningham, by cross-complaint, attacked the regularity and validity of the insanity proceedings as a result of which she was adjudged insane and committed to the hospital for the insane, the regularity and validity of the guardianship proceedings, and the regularity and validity of the order of sale, on the above grounds, and on the further ground that the property was a homestead. The respondents contend that the cross-complaint was a collateral attack on the orders or judgments in the insanity and guardianship proceedings. We may say here that the insanity proceedings have no place in this record. The superior court has jurisdiction to appoint guardians for insane persons wholly independent of its jurisdiction to commit to hospitals for the insane, and the validity of the order appointing the guardian depends in no manner upon the validity of the previous adjudication of insanity. If fraud or conspiracy were charged a different rule might apply, but no such claim is advanced here. Is this a collateral attack on the guardianship proceedings? We think it is settled by the decisions of this court that where an action is brought against the former owner, to recover property or quiet a title acquired at a judicial sale, a cross-complaint by such former owner attacking the validity of the order or judgment under which the sale was made is a direct and not a collateral attack on such order or judgment. *Christofferson v. Pfennig*, 16 Wash. 491, 48 Pac. 264; *Krutz v. Isaacs*, 25 Wash. 566, 66 Pac. 141; *Northwestern etc. Bank v. Ridpath*, 29 Wash. 687, 70 Pac. 139.

We do not mean by this that mere errors or irregularities not going to the jurisdiction of the court may be inquired into under such a cross-complaint, for these can only be corrected on a direct appeal, or in a case such as this by an appropriate proceeding instituted by the insane person within

one year after the disability is removed.   But the jurisdiction of the court to make the order under which the sale was made may be inquired into, and the service of notice of the application for the appointment of a guardian upon the insane person, and upon the person having the care, custody, and control of such insane person, as required by the act of March 16, 1903, Laws 1903, page 242, is jurisdictional, and if no such notice was served all subsequent proceedings are null and void.   *State ex rel. Lowary v. Superior Court,* 41 Wash. 450, 83 Pac. 726.

This in our opinion is the only jurisdictional question raised by the cross-complaint or the offer of proof.   The question of the sale of a homestead does not arise in this case.   While it was held in *Curry v. Wilson,* 45 Wash. 19, 87 Pac. 1065, that there was no authority in law for the sale or mortgage of the homestead of an insane person in this state prior to the passage of the homestead act of March 30, 1895, Laws of 1895, page 109—and there is no pretense that the provisions of that act were complied with here—yet in the case of *Whitworth v. McKee,* 32 Wash. 83, 72 Pac. 1046, it was held that there is no homestead right in property acquired since the passage of the act of 1895, *supra,* unless the declaration of homestead is executed and filed as therein provided. The property in controversy was acquired since the passage of that act, and the appellants concede that no declaration of homestead was executed or filed.   This disposes of all of the assignments of error, and for the error in excluding testimony tending to show that no notice of the application for the appointment of a guardian was given or served, the judgment is reversed and a new trial ordered.

If on a retrial it should appear that no such notice was given or served, the court will take an accounting between the parties and enter judgment quieting title in the appellants on such terms as may be equitable.   If it shall appear that

such notice was in fact given, judgment will go for the respondents.

HADLEY, C. J., FULLERTON, DUNBAR, MOUNT, CROW, and ROOT, JJ., concur.