[No. 7324. Department Two. October 14, 1909.]

A. F. BICKFORD *et al.*, *Plaintiffs*, v. ERWIN W. STEWART *et al.*, *Defendants.*[1]

ABSENTEES — AGENT OF ABSENTEES — APPOINTMENT — AUTHORITY. Where, upon the partition of an estate, an agent for absentees was appointed in probate to receive and care for their portion of the estate, distributed to them, and later by a suit in equity, the distribution was set aside and a different tract of land distributed to the absentees in lieu of the first, the agent still retains authority to act under the appointment in probate as to the later parcel finally awarded.

SAME—SALE BY AGENT—PETITION. Where an agent for absentees was appointed in probate, under Bal. Code, § 6371, to receive their portion of the inherited estate distributed to them, and the appointment was later continued in a suit in equity instituted for a redistribution, a sale by the agent under order of court pursuant to § 6373, is not affected by the fact that the petition for sale was filed in the equity case; since that court had then acquired and exercised probate jurisdiction over the estate.

SAME—POWER TO SELL—CONSTITUTIONAL LAW—TAKING PROPERTY WITHOUT DUE PROCESS OF LAW. The act, Bal. Code, §§ 6371-6375, authorizing the appointment in probate of an agent for absentees to receive their portion of the estate, and if not claimed within one year, to sell the same under an order of court, paying the proceeds, less expenses, into the county treasury, for the use of the absentees, is within the inherent legislative power of the state to control the inheritance and descent of property, and does not violate the constitutional inhibition against the taking or sale of property without due process of law.

DESCENT AND DISTRIBUTION—RIGHTS OF HEIRS—TITLE. Property only descends to and vests in the heirs subject to administration, and may be divested by the process of administration.

ABSENTEES—APPOINTMENT OF AGENT—SALES—METHOD OF SALE— STATUTES. The act, Bal. Code, §§ 6371-6375, authorizing the appointment in probate of an agent for absentees to recover their portion of the estate, and to sell the same if not claimed within a year, is

_____

[1]Reported in 104 Pac. 263.

not ineffective as to the sale by reason of failing to provide a method of sale, where it provides for sale by the agent "under order of court" and all the procedure required for administrator's sales was followed.

RUDKIN, C. J., CHADWICK, FULLERTON, and GOSE, JJ., dissent.

Cross-appeals from a judgment of the superior court for King county, Albertson, J., entered March 27, 1908, upon findings awarding plaintiffs reimbursements for improvements, after a trial on the merits before the court without a jury, in an action to quiet title. Reversed on plaintiffs' appeal.

*Kerr & McCord*, for plaintiffs.

*Sullivan & Stevens* and *H. H. Eaton*, for defendants.

MOUNT, J.—The plaintiffs brought this action in the lower court to quiet title to certain real estate against the claims of the defendants. Upon the trial of the case, the court found that title to the property was in the defendants, but that plaintiffs were or should be reimbursed for certain improvements placed thereon, and entered a decree accordingly. Both parties have appealed. They will, therefore, be designated in this opinion as plaintiffs and defendants.

Under the view we take of the case, it will not be necessary to pass upon several questions argued in the briefs. It seems that Martin V. Stewart died intestate in King county on May 29, 1895. He left no wife or children or father or mother. Several brothers and sisters, or the descendants of such brothers and sisters, survived him. At the time of his death, he was seized of certain real estate in King county, a part of which is the property in question in this case. The defendants Erwin W. Stewart and Lizzie Stewart are the only children of Erwin M. Stewart, a brother of said Martin V. Stewart. The said Erwin M. Stewart died intestate about a year before the death of his brother Martin V. Stewart. The legislature of the state of California passed an act in the year 1866, when the children Erwin Webster Stewart and

Sarah E. Stewart were about ten years of age, which act changed the names of these children to Webster Smith and Sarah E. Smith. The latter was afterwards married, and is known in the title of the case as Sarah E. Martin. The defendant Webster Smith is the same person as Erwin W. Stewart, and Sarah E. Martin is known in the record as Lizzie Stewart. They will be hereinafter referred to as defendants.

After the death of Martin V. Stewart, his estate was regularly administered upon by the probate court of King county, and the estate was distributed to nine brothers and sisters and their issue, among whom were the defendants in this case. Before the distribution by the probate court, a petition was filed therein for a partition of the estate. When this petition came on to be heard, it was made to appear to the probate court, that the defendants in this case were nonresidents of the state; that their address and residence were unknown, and that they had no agent in this state, and that it was necessary for some person to take charge of their interests in the estate and care for the same. The probate court thereupon appointed one Fred Rice Rowell as agent for that purpose, under Bal. Code, § 6371 (P. C. § 2695), and he duly qualified as such. Thereupon a commission was appointed, and the estate was partitioned by a decree dated October 25, 1898, in probate. A certain definite share of the estate was awarded to each of the brothers and sisters of Martin V. Stewart, or their issue. The defendants were awarded a portion known as tract 4 of the Stewart estate. Possession of this tract was taken by Mr. Rowell, as agent appointed as above stated.

Thereafter, in September, 1899, one Ann M. Arnold, a surviving sister of Martin V. Stewart, deceased, and who had been omitted from the distribution of the estate of her deceased brother, brought a suit in the superior court of King county against all of the distributees of the estate by the probate decree. She alleged in her complaint that she was a

sister, and entitled to share in the estate. Service in that case was made upon all the parties, and upon these defendants by publication. Personal service was made upon their agent appointed as above stated. Thereafter, in January, 1901, a decree was entered in that case, which set aside the distribution of the estate by the probate court and made a new distribution of the estate. The part set over to these defendants was lot 9 of the Stewart estate. This lot was a smaller and a different tract of land from the one awarded in probate. This decree did not disturb the appointment of Mr. Rowell as agent of these defendants, but continued him as such.

In June, 1902, Mr. Rowell, as agent for these defendants, filed a petition in the superior court of King county, stating that he was in possession of property, viz., lot 9, of the Stewart estate, and had been since his appointment as agent; that Erwin W. Stewart and Lizzie Stewart were nonresidents; that he had been unable to find where they were, or to communicate with them; that he had made diligent inquiry to learn where they were, but without success; that the property was nonproductive, and that taxes and special assessments were due and coming due; that there were no funds to pay the same; that he had held the property for more than one year and no claim had been made therefor, and prayed for an order to sell the property. A notice was published to all interested persons to show cause at a fixed time why the order should not be made as prayed for. An order afterwards was made, and in pursuance thereof the agent, after notice, sold the property to Hester E. Finley and made return thereof, and the sale was confirmed on September 23, 1902. The purchaser entered into possession of the property under the agent's deed, and in January, 1904, sold the property to the appellants, who went into possession and improved the same.

Upon these facts the trial court was of the opinion that the sale by Mr. Rowell, as agent of these defendants, was

void, and did not divest them of the title to the lot in question. There is nothing in the record to indicate upon what ground the court concluded that the sale was void. Counsel for defendants, in their brief, contend that the proceedings were irregular because the lot sold was not the one for which the agent was appointed in the probate proceedings, and also that the statute under which the agent was appointed is unconstitutional for the reason that it authorized one's property to be taken and sold without notice and, therefore, without due process of law.

It is true that the lot finally awarded to the defendants was not the one awarded to them in the probate proceedings. The one awarded in the probate proceedings was erroneously awarded, because it was more than the share to which defendants were entitled. The subsequent suit in equity was for the purpose of correcting that mistake. The property finally awarded by the court in equity was the property which should have been awarded in the probate proceedings. Defendants' title came to them by inheritance or by operation of law, and was, therefore, not affected by the manner of the decree or the name or nature of the court which finally made the distribution. The agent was appointed in the probate proceedings before any definite tract of land was distributed to the heirs. He was appointed to represent these absentees, and to care for their interests in the partition of the estate, and to receive the portion awarded to them. The right of the agent to act under the appointment in probate was not affected by the parcel of land which was awarded to the defendants. It was his duty to receive whatever land came to the defendants from that estate. There seems to be no other irregularity in the proceedings, and we are therefore of the opinion that there is no merit in the contention that the lot was not the one over which the agent was appointed.

The statutes of this state provide for the partition and distribution of estates of deceased persons as follows:

"Bal. Code, § 6371 (P. C. § 2695). When any estate shall have been assigned by decree of the court, or distributed by

commissioners, as provided in this chapter, to any person residing out of this state, and having no agent therein, and it shall be necessary that some person should be authorized to take possession and charge of the same for the benefit of such absent person, the court may appoint an agent for that purpose, and authorize him to take charge of such estate, as well as to act for such absentee in the partition and distribution."

"Sec. 6372 (P. C. § 2696). Such agent shall give a bond to the state of Washington, to be approved by the court, conditioned faithfully to manage and account for such estate, before he shall be authorized to receive the same, and the court appointing such agent may allow a reasonable sum out of the profits of the estate for his services and expenses."

"Sec. 6373 (P. C. § 2697). When the estate shall have remained in the hands of the agent unclaimed for one year, it shall be sold under order of the court, and the proceeds, deducting the expenses of the sale, to be allowed by the court, shall be paid into the county treasury. When the payment is made the agent shall take triplicate receipts, one of which he shall file with the county auditor, and another with the court."

"Sec. 6374 (P. C. § 2698). The agent shall be liable on his bond for the care and preservation of the estate while in his hands, and for the payment of the proceeds of sale as required by the preceding section, and may be sued thereon by any person interested."

"Sec. 6375 (P. C. § 2699). When any person shall appear and claim the money paid into the treasury, the court making the distribution, being first satisfied of his right, shall order the payment of such money, and, upon the presentation of a certified copy of the order to the county auditor, he shall draw his warrant on the county treasurer for the amount."

If we understand the position of defendants, it is that these statutes do not authorize a court of equity to appoint an agent with authority to sell the property of another, and that if the statutes authorize one person to sell another's property without notice, such statutes are in violation of the constitution which provides that property shall not be taken without due process of law. As we have seen above, the appointment of the agent of these defendants, who were absentees from the state, was made in the course of administration upon the

estate. It was made, in fact, by the probate court having jurisdiction over the estate. The appointment was continued by an order of an equity court, but that continuation added nothing to the right of the agent to act under the original appointment which was not set aside. The fact that the petition for the sale of the lot in question was made to the superior court wherein the equity case was tried, and was filed in that case, makes no difference, because that court then had and exercised probate jurisdiction over the estate. Section 6371 by its terms clearly authorized the court having jurisdiction in such matters to appoint an agent for nonresidents, to take charge of the inherited estate of such absentees, and to act for them in the partition and distribution of the estate. The statute was intended for their benefit and protection.

It is said that these statutes violate the fourteenth amendment of the constitution of the United States, for the reason that the statutes authorize property to be sold without due process of law. The interest of the defendants in the property in question was acquired by inheritance. Their right thereto depends upon the statute. The state may, and does, control the disposition of the estates of deceased persons leaving property therein. The legislature may declare who shall be the beneficiary and the manner in which the estate shall descend. This power of the state is elementary. There is no constitutional restriction thereon in this state. It follows, therefore, that the legislature had authority to provide the method by which resident, as well as absent heirs, should take an inheritance, and to that end provide for the care and protection of property of absent heirs, acquired by inheritance. *Cunnius v. Rearing School Dist.*, 198 U. S. 458, 25 Sup. Ct. 721. The probate court, or the court administering the estate, acquired complete jurisdiction of the property, and was no doubt authorized to appoint an administrator with authority to care for and sell the estate in the manner provided by law. The probate law authorizes the appointment of an administrator.

The sections quoted above authorize the appointment of an agent to look after the share awarded to the absent heirs. The theory of the appointment of the agent was for the benefit of such absentees. The authority to enact the statute and to appoint such agent is based upon the same reasoning, and is derived from the same source, as the authority to appoint an administrator of the estate, viz., the inherent power of the state to control the estates of deceased persons. We think there can be no doubt, therefore, of the power of the state to enact such statutes. They do not fall within the provision of the state or Federal constitution, declaring that property shall not be taken without due process of law, because the proceedings by which an heir acquires an inheritance cannot be said to be a taking of his property, although it may be sold by such proceedings against his will. Such sale is a part of the proceedings of administration. The statute in question authorizes the sale of property of an absentee when certain conditions are made to appear. The authority of the agent in regard to an absentee is the same, and he acts in the same capacity in regard to the property of such absentee, as an administrator of the estate. He is agent of the state as well as of the heirs, for the purpose of administering upon the estate, and the property of the absentee may be sold when the statutory conditions therefor are shown to exist, by the same authority and for the same reason as a sale may be made in administering an estate. The absentee in such case would be entitled to the notice provided by statute, and to no more. It cannot be argued that an administrator of an estate may not sell the property of an estate, for the purposes and in the manner provided by statute, without the consent of the heirs. Such sale is not taking property from the heirs without due process of law. The same rule must necessarily apply in the case of absent heirs.

Counsel for defendants contend that the question in this case is, Can the property of A be sold by B without authority from A? We think counsel misapprehend the real question.

While the legal title may vest in the heirs immediately upon the death of the ancestor, it vests subject to administration (Bal. Code, § 4640; P. C. § 2718), and is not absolute until after the process of administration. So that the title may be divested by the process of administration. The nonresident and absent heirs might have claimed the estate within the time and thus obtained an absolute title which could not be divested except by notice, but until that was done, the agent was clearly authorized to sell the estate for the protection of the heirs who are absentees, without actual notice to them, and without their consent, in the manner provided by statute.

It is also contended that the statutes do not provide a method of sale, and are therefore without force. But it is provided therein that the property "shall be sold under order of the court," and it appears that it was so sold in this case. All the procedure required for sales in probate were followed, and the proceedings appear to have been regular. We are of the opinion that the constitutional objections urged against the statute are not tenable; that the sale by the agent was a valid one, and divested the defendants of their title.

The judgment must therefore be reversed, and the cause remanded with directions to the lower court to grant the prayer of the complaint.

CROW, PARKER, and DUNBAR, JJ., concur.

RUDKIN, C. J. (dissenting)—I agree with the majority that the right to inherit property is derived from the municipal law, and that the authority conferring the right may attach to its exercise and enjoyment such conditions as it deems proper. But a state may not prescribe one rule of descent for its own citizens and another and different rule for citizens of other states. Section 2 of art. 4 of the constitution of the United States declares that:

"The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states."

Section 1 of art. 14, of the amendments to the constitution of the United States declares that:

"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

Sections 1977 and 1978 of the Revised Statutes of the United States provide as follows:

"Sec. 1977.    All persons within the jurisdiction of the United States shall have the same right in every state and territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishments, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

"Sec. 1978.    All citizens of the United States shall have the same right, in every state and territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

It seems to me that Bal. Code, § 6373 (P. C. § 2697), denies to the appellants, who are citizens of California, privileges and immunities which are enjoyed by the citizens of this state.    In other words, property acquired by inheritance by a citizen of the former state may be sold in an *ex parte* proceeding if not claimed within a year after distribution, while no such penalty is visited upon the citizen of this state who fails to claim his inheritance within the like period.    The citizens of California have an equal right to inherit property in this state with our own citizens; they are entitled to the same remedies for the enforcement of their rights, and it seems to me that the remedy at least is denied them by the statute in question.

But if I am in error on the constitutional question, I still think the judgment should be affirmed.    The state statute under consideration is in derogation of common right to be

strictly construed, and when the decree of probate was set aside in the subsequent equitable action, and other and different property awarded to the appellants, I am of opinion that the authority of the statutory agent ceased, and that the sale thereafter made was null and void. The statute only authorizes the appointment of an agent where it is necessary that some person should be appointed to take charge of the estate for the benefit of the absent person, and the question of necessity must perforce depend upon the kind or character of the estate distributed. The appointment of the agent may have been necessary and proper for the estate originally distributed to the appellants, but wholly unnecessary for the estate awarded by the second decree. A court of equity has no power to appoint an agent for property, or to continue an agency created by some other court, and a court of probate has no power to appoint an agent to take charge of property decreed to a person, resident or nonresident, by another tribunal.

For the reasons thus briefly stated, I dissent.

## On Rehearing.

*[En Banc. Decided February 17, 1910.]*

Per Curiam.—A rehearing was granted in this case, and a reargument was heard by all the judges sitting *en banc.*

We adhere to the rules stated and the conclusion reached in the majority opinion.

Rudkin, C. J. (dissenting)—I adhere to the views expressed in the dissenting opinion heretofore filed.

Chadwick and Fullerton, JJ., concur with Rudkin, C. J.

Gose, J. (dissenting)—I concur upon the first reason assigned in the dissent opinion heretofore filed.