[No. 8282.   Department Two.   December 10, 1909.]

SAM OLSON, *Appellant,* v. SAMUEL J. GOODSELL *et al.,*
*Respondents.*[1]

EXEMPTIONS—HOMESTEAD—MECHANICS' LIENS—PRIORITY.   A me-
chanics' lien, filed prior to the declaration of homestead, takes pre-
cedence over the homestead exemption.

Appeal from a judgment of the superior court for Spo-
kane county, Huneke, J., entered January 28, 1909, upon
an agreed statement of facts, dismissing an action to fore-
close a mechanics' lien.   Reversed.

*Samuel Edelstein (Post, Avery & Higgins,* of counsel),
for appellant.

*Gillespie & Ellis,* for respondents Hall.

CROW, J.—This action was commenced on August 29,
1908, by Sam Olson against Samuel J. Goodsell, Mrs. Sam-
uel J. Goodsell, his wife, Joseph Hall, and Mrs. Joseph Hall,
his wife, to foreclose a lien upon real property in the city of
Spokane.   The cause was submitted upon an agreed state-
ment of facts, on consideration of which the trial court dis-
missed the action.   The plaintiff has appealed.

The only question involved, is whether the respondents,

[1]Reported in 105 Pac. 463.

Joseph Hall and wife, owners of the real estate, were entitled to claim that it was exempt as their homestead, against appellant's lien. From the agreed statement of facts, it appears that the lien of appellant was valid; that he was entitled to judgment for $31.75 debt, $25 attorney's fees, and a decree of foreclosure, provided his claim of lien was not defeated by respondents' subsequent declaration of homestead; that the respondents, Joseph Hall and wife, acquired the real estate by purchase from the defendants Goodsell and wife; that early in the year 1908 they erected a dwelling house thereon, appellant furnishing part of the labor and materials used in its construction, for which he claimed his lien; that respondents had entered into possession; that appellant prepared, filed, and recorded a timely and statutory notice of lien, and that on September 22, 1908, after the commencement of this action, the respondent Joseph Hall, as the head of a family, made, executed, acknowledged, and recorded a declaration of homestead in and to the property under the provisions of Bal. Code, § 5485 *et seq.* The trial court erroneously held that such a declaration of homestead destroyed appellant's lien and prevented its foreclosure. The lien having attached before the declaration of homestead was made, appellant was entitled to a foreclosure decree. In *Hookway v. Thompson, ante* p. 57, 105 Pac. 153, this court recently held that a mortgage executed by a husband upon his separate property constituted a valid and enforceable lien, as against a subsequent declaration of homestead made by his wife. In other words, it was held that the mortgage lien created prior to the declaration of homestead could be foreclosed after and notwithstanding the making and recording of such declaration. Appellant's lien for work and labor had, under his recorded notice, attached to the property before the respondent Joseph Hall filed his declaration of homestead. It was not thereby destroyed, and appellant was entitled to a decree of foreclosure.

The judgment is reversed, and the cause remanded with

instructions to enter a judgment and decree of foreclosure in appellant's favor, in accordance with the agreed statement of facts.

RUDKIN, C. J., MOUNT, PARKER, and DUNBAR, JJ., concur.