[No. 12876.  Department One.  July 11, 1916.]

*In the Matter of the Estate of* Christina Borrow.
Frederick Borrow, *Appellant,* v. Lillie Miller *et al.,*
*Respondents.*[1]

Homestead—Selection—Persons Entitled.  Under Rem. & Bal.
Code, §§ 528 to 561, defining homesteads and the "head of a family"
entitled to claim the same, and providing a method of selection by
the filing of a declaration, from which time the premises constitute
a homestead, the qualifications necessary under the statute must
exist at the time the declaration is filed; hence, upon the death of a
wife, the widower who was not then the "head of a family" as de-
fined by statute cannot claim a homestead.

Appeal from a judgment of the superior court for Kit-
titas county, Grady, J., entered December 31, 1914, in favor
of the defendants, in an action to establish a homestead right
in property of an estate, tried to the court.   Affirmed.

*Pruyn & Hoeffler,* for appellant.

*Mires & Whitfield* and *Bogle, Graves, Merritt & Bogle,* for
respondents.

Fullerton, J.—On June 22, 1902, Frederick Borrow,
and his then wife, Christina Borrow, acquired by purchase
two certain lots situated in the city of Ellensburg, on which
there had been theretofore constructed a dwelling house and
certain other buildings.   The parties immediately took up

[1]Reported in 158 Pac. 735.

their residence in the dwelling house, and resided therein continuously until the death of Christina Borrow, which occurred on July 5, 1912. The family of the parties consisted of five daughters, all of whom had reached the age of majority, and none of whom were dependent upon their parents for support at the time of the death of Mrs. Borrow.

On August 7, 1912, Frederick Borrow applied for letters of administration on his deceased wife's estate, which letters were granted him. Later on he filed a homestead claim on the premises mentioned, averring in his written declaration that he was the head of a family, that he was residing on the property with his family, and that he estimated the value of the property at $7,000, and claimed a homestead therein to the extent of $2,000.

The present action was begun on September 6, 1913, by Borrow against his daughters to establish his claim of homestead to the property and to procure a recognition thereof in the final distribution of the estate of his deceased wife. Issue was taken on the complaint by the defendants, and at the trial it developed that no homestead had been selected or claimed on the premises prior to the death of Mrs. Borrow; that, since her death, the plaintiff had continued to occupy the premises, but that he then had no person living with him who was dependent upon him for support, or whom he supported; and that his daughters resided separate and apart from him. On these facts, the court held that the plaintiff was not the head of a family within the meaning of the homestead statutes, and hence not entitled to select or claim a homestead in the premises as against the interest of his daughters, and entered a decree setting aside and cancelling the claim of homestead filed, as a cloud upon their title. From this decree, the plaintiff appeals.

The provisions of the statutes prescribing the manner in which a homestead may be acquired in real property in this state and the tenure by which it is held are found in Rem. &

Bal. Code at sections 528 to 561 inclusive. Those pertinent to the present inquiry are the following:

"§ 528. The homestead consists of the dwelling-house, in which the claimant resides, and the land on which the same is situated, selected as in this chapter provided."

"§ 552. Homesteads may be selected and claimed in lands and tenements with the improvements thereon, not exceeding in value the sum of two thousand dollars. The premises thus included in the homestead must be actually intended and used for a home for the claimants, and shall not be devoted exclusively to any other purposes."

"§ 553. The phrase 'head of the family,' as used in this chapter, includes within its meaning,—

"(1) The husband or wife, when the claimant is a married person;

"(2) Every person who has residing on the premises with him or her, and under his or her care and maintenance, either,—

"(1) His or her minor child or the minor child of his or her deceased wife or husband;

"(2) A minor brother or sister or the minor child of a deceased brother or sister;

"(3) A father, mother, grandmother or grandfather;

"(4) The father, mother, grandfather or grandmother of deceased husband or wife;

"(5) An unmarried sister, or any other of the relatives mentioned in this section who has attained the age of majority, and are unable to take care of or support themselves."

"§ 558. In order to select a homestead the husband or other head of a family, or in case the husband has not made such selection, the wife must execute and acknowledge, in the same manner as a grant of real property is acknowledged, a declaration of homestead, and file the same for record."

"§ 559. The declaration of homestead must contain,—

"(1) A statement showing that the person making it is the head of a family; or when the declaration is made by the wife, showing that her husband has not made such declaration, and that she therefore makes the declaration for their joint benefit;

"(2) A statement that the person making it is residing on the premises or has purchased the same for a homestead and intends to reside thereon and claims them as a homestead;

"(3)   A description of the premises;

"(4)   An estimate of their actual cash value."

"§ 561.   From and after the time the declaration is filed for record the premises therein described constitute a homestead."

If these statutes are to be construed according to their natural and obvious purport, there would seem to be no question as to the correctness of the trial court's ruling.   A homestead is defined as consisting of the dwelling house in which the claimant resides, and the land on which the same is situated, "selected as in this chapter provided."   The mode of selection is prescribed, the classes of persons who are entitled to make the selection and file the declaration are defined, and finally, it is declared that "from and after the time the declaration is filed for record the premises therein described constitute a homestead."   While residence on the property, or a purchase with the intent to establish a residence thereon, is necessary as a prerequisite to the selection of a homestead, it is manifest that residence on the property, no matter how long continued, does not of itself create a homestead nor create the right to perfect it, as against intermediate contravening causes.   In other words, the qualifications necessary under the statute to enable a person to select a homestead must exist in the person making the declaration at the time the declaration is filed; it cannot rest on any prior or preexisting right.

In so far as we have had occasion heretofore to notice the question, our holdings have been in accord with these principles.   In *Whitworth v. McKee*, 32 Wash. 83, 72 Pac. 1046, we used this language:

"We agree with counsel that the later statute so far superseded the earlier one that no new homestead right can now be acquired under it, or could have been so acquired since the passage of the later statute, and that it is now necessary in order to impress real property with a homestead right, to execute, acknowledge, and file with the county auditor a declaration of homestead as provided in the later statute."

In *Donaldson v. Winningham,* 48 Wash. 374, 93 Pac. 534, 125 Am. St. 937, we held that, under the present homestead laws, there is no homestead right in property until a declaration of homestead is executed and filed for record as therein prescribed.

In *Olson v. Goodsell,* 56 Wash. 251, 105 Pac. 463, it was said:

"The trial court erroneously held that such a declaration of homestead destroyed appellant's lien and prevented its foreclosure. The lien having attached before the declaration of homestead was made, appellant was entitled to a foreclosure decree. In *Hookway v. Thompson, ante* p. 57, 105 Pac. 153, this court recently held that a mortgage executed by a husband upon his separate property constituted a valid and enforceable lien, as against a subsequent declaration of homestead made by his wife. In other words, it was held that the mortgage lien created prior to the declaration of homestead could be foreclosed after and notwithstanding the making and recording of such declaration. Appellant's lien for work and labor had, under his recorded notice, attached to the property before the respondent Joseph Hall filed his declaration of homestead. It was not thereby destroyed, and appellant was entitled to a decree of foreclosure."

In *Brace & Hergert Mill Co. v. Burbank,* 87 Wash. 356, 151 Pac. 803, we quoted certain of the sections from the homestead act, and made this comment:

"The language of these sections renders it plain that there is no homestead right in any specific property until it is selected, and such selection evidenced in writing and recorded as therein provided. The views of this court expressed in *Whitworth v. McKee,* 32 Wash. 83, 72 Pac. 1046, and *Donaldson v. Winningham,* 48 Wash. 374, 93 Pac. 534, 125 Am. St. 937, are in harmony with this view."

Tested by these principles, it seems plain that the appellant, at the time he made the declaration of homestead in question, did not have the statutory qualifications necessary to enable him to make a declaration of homestead. He was not then the head of a family, he was not a husband, nor did

he have any one residing with him on the premises for whose support and maintenance he was responsible.

The appellant, to support his claim of homestead, cites and relies principally on the case of *In re Feas' Estate*, 30 Wash. 51, 70 Pac. 270. The facts of that case are too involved to be restated here at length, but a perusal of the case will show that it has no bearing on the question here presented. The homestead claim there made was rested upon a prior statute, and the question was whether it survived the death of the wife so as to exempt the property from sale in the course of the administration of the wife's estate for debts properly provable therein.

The cases cited from other jurisdictions we shall not review. In most of them, in so far as they rest upon statutes at all similar to our own, they present the question whether a homestead estate once acquired is lost to the surviving spouse on the death of the other, or on the arrival of their children to a condition of independence. But the question here, as we have shown, is not one of the survival of an existing homestead, but one of the right to create a homestead.

The judgment is affirmed.

MORRIS, C. J., MOUNT, and ELLIS, JJ., concur.