[No. 13850. Department One. February 24, 1917.]

*In the Matter of the Estate of* JOSEPHINE F. BOWEN. VIVIAN KILMER, *Appellant,* v. FRANKLIN B. BOWEN, *Respondent.*[1]

EXECUTORS AND ADMINISTRATORS—FAMILY ALLOWANCE — PERSONS ENTITLED—"WIDOW"—SURVIVING HUSBAND. Where there are no children, the surviving husband cannot claim an exemption or allowance, as provided in Rem. Code, §§ 1465 and 1467, for the "widow, minor child or children;" as the word "widow" cannot be held to be "widower."

Appeal from an order of the superior court for Pierce county, Easterday, J., entered October 28, 1916, granting an allowance to a surviving husband pending administration of an estate. Reversed.

*Charles L. Westcott* and *Ralph Woods,* for appellant.
*B. A. Crowl,* for respondent.

CHADWICK, J.—Franklin B. Bowen is the surviving husband of Josephine F. Bowen, who died intestate, leaving a community estate of approximately $4,700. There are no minor children. Franklin B. Bowen was appointed administrator of the estate, and later petitioned for an allowance as a widower, and that certain exempt property be set aside to him as a surviving husband. The prayer of his petition was granted over the objection of Vivian Kilmer, a daugter

[1]Reported in 163 Pac. 379.

by a former husband, who has appealed from the order of the court.

The statutes upon which the order is made to rest are §§ 1466 and 1467, Rem. Code. Sections 1465, 1466 and 1467 have a common object. Each of them assumes to define a class which is entitled to claim under it. The privileges of § 1465 are open to "the head of a family", while §§ 1466 and 1467 were seemingly drawn with no intent to give any right to claim the statutory privilege or to take in consequence of an order of the court, to any other than a "widow, minor child or children."

The reasons for denying a surviving husband the benefits of a homestead and exemptions, or an allowance out of the estate, are legal reasons and found in the statute itself. The acts were all passed prior to the adoption of our community property system of ownership. They have been amended more or less; but only in form, not in substance. At the time they were passed, the wife had no interest in the property other than her dower and a right to her personal paraphernalia. At that time, there was no reason why the interest or welfare of the husband should engage the solicitude of the legislature. Later we adopted that which, for the want of a better name, we have called the community property law. The wife became an owner of property with interest equal to that of her husband. The property of the community was a thing entire. Like joint tenants at common law, they held *per my et per tout*, the half and the whole. It followed necessarily that, upon the death of either spouse, the whole as well as the half of the estate was subject to the jurisdiction of the probate court pending an enforced liquidation, division and dissolution. Existing statutes preserved to the widow a right to live out of the estate pending settlement.

The laws on exemptions and family allowance have never been changed to meet the changes made by the community property law. The surviving husband can claim no allow-

ance for living expenses, nor can he claim that which creditors could not have taken in the lifetime of his wife, and which may still be essential to his comfort and well-being.

Such is the law, but it should not be so. I have thus expressed myself because of the presence, in biennial session, of the legislative body, in the hope that it will cure an evil which this court has always admitted but has felt itself powerless to overcome, having due regard to established principles of construction.

That the word "widow" will not be held to be "widower" in cases of this kind, see *Whittlesey v. Seattle*, 94 Wash. 645, 163 Pac. 193, and that such rights depend upon the terms of the statutes, see *In re Borrow's Estate*, 92 Wash. 143, 158 Pac. 735.

The judgment of the lower court is reversed.

Remanded with instructions to vacate the orders complained of.

ELLIS, C. J., MORRIS, MAIN, and WEBSTER, JJ., concur.