[No. 15472.    Department One.    January 20, 1920.]

## In the Matter .of the Estate of J. T. BLOOR.
## ISABELLA K. BLOOR, *Appellant,* v. LOREN C. BLOOR *et al.,* *Respondents.*[1]

HOMESTEAD (7) — SELECTION — NECESSITY.    Under Rem. Code, §§ 528-561, no right of homestead existed in any specific property until it was selected and the selection recorded; and prior residence upon the land lends no support to the claim of homestead rights.

HOMESTEAD (7, 22)—SELECTION—SURVIVORS—STATUTES—REPEAL. Rem. Code, §§ 1465 and 1468, contemplating the vesting of title to the homestead in the widow and minor children on the death of the husband was in that respect repealed by §§ 528-561, requiring the selection of specific property.

HOMESTEAD (4, 21, 22)—HEAD OF FAMILY—RIGHTS OF SURVIVING SPOUSE.    Neither the surviving husband nor wife who was not the "head of a family" within the meaning of Rem. Code, § 553, could acquire a homestead in community property when homestead rights had not been perfected prior to the death of the other spouse.

HOMESTEAD (22, 23)—RIGHTS OF SURVIVING WIFE AND HEIRS— STATUTES—RETROACTIVE EFFECT—VESTED RIGHTS.    The probate code, Laws 1917, p. 670, § 103, enlarging the homestead rights of each spouse upon the death of the other, does not entitle a surviving wife to a homestead in the undivided half of community property that had not been selected as a homestead in the husband's lifetime, and had become vested in his heirs by descent prior to the taking effect of the act of 1917; since it would impair vested rights.

Appeal from a judgment of the superior court for San Juan county, Hardin, J., entered June 27, 1919, dismissing a petition to establish a homestead right in the community property of an estate.    Affirmed.

*Geo. A. Joiner,* for appellant.
*Ernest B. Herald,* for respondents.

PARKER, J.—Isabella K. Bloor seeks to have set aside to her from the community real property of herself

---

[1] Reported in 187 Pac. 396.

and deceased husband, J. T. Bloor, a certain described tract of land as her homestead. The question of her right to such homestead was presented to the superior court for San Juan county, by her petition filed in the probate proceedings in the administration of the estate of J. T. Bloor, deceased, pending in that court. The matter was disposed of on the allegations of the petition and the objections thereto in the nature of a demurrer, filed by Loren C. Bloor, Libbie Bloor Jones, and Clifford H. Bloor, children of deceased by a former marriage, all of whom are of full age. The superior court having decided that the petition failed to state a cause for the granting of the relief prayed for, and the petitioner electing to stand upon her petition and not plead further, final judgment was rendered against her dismissing her petition, from which she has appealed to this court.

The controlling facts may be summarized from the allegations of the petition, as follows: Appellant is the widow of J. T. Bloor, who died in San Juan county in September, 1916. The land here in controversy, which appellant seeks to have set aside as her homestead, is situated in San Juan county, and was their community property for a period of about eighteen years prior to his death, during the whole of which period they resided thereon, and since his death she has resided thereon. No claim or declaration of homestead was ever made by J. T. Bloor in his lifetime, and no claim or declaration of homestead was ever made by appellant until the spring of 1919, the exact date of which does not appear in the record, when she filed a declaration under our general homestead law, §§ 528-561, Rem. Code, claiming as a homestead the land here in controversy, and thereafter filed her petition in this proceeding, seeking a judicial establishing of the land so claimed to be her homestead, to the end

that absolute title thereto vest in her under §§ 561 and 1468, Rem. Code, and § 103 of the new probate code, Laws of 1917, p. 670. There is no minor child of the deceased and appellant, or of either of them. There are no allegations of the petition touching the question of appellant being the head of a family within the meaning of § 553, Rem. Code, of our general homestead law. We must assume, therefore, as counsel on both sides of this controversy seem to, that her claim of homestead can have no support upon the theory of her being the head of a family. More than a year has expired since the publishing of notice to creditors, no claims have been filed against the estate, the funeral expenses and expenses of the last sickness of the deceased have been paid, and we assume that the property of the estate is now ready for distribution to the appellant as the surviving widow, and to the heirs of the deceased.

Since J. T. Bloor died in the year 1916, and the new probate code was enacted by the legislature of 1917, enlarging the homestead right of a surviving spouse; and the homestead declaration and claim of appellant here involved was filed in 1919; and the enlarged right of homestead under the new probate code of 1917, if given retroactive effect in favor of appellant as against the inheritance rights of the heirs of the deceased, which occurred immediately upon his death in 1916 under Rem. Code, § 1366, would, as we shall presently see, impair those accrued inheritance rights; it becomes necessary to determine whether appellant would be entitled to any homestead under the law as it existed at the time of the death of the deceased, prior to the act of 1917.

It had become the settled law of this state, prior to the act of 1917, that since the enactment of our general homestead law in 1895, Rem. Code, §§ 528-561, no right

of homestead existed in any specific property until it was selected and such selection evidenced in writing and recorded as therein provided. *Brace & Hergert Mill Co. v. Burbank,* 87 Wash. 356, 151 Pac. 803, Ann. Cas. 1917E 739; *In re Borrow's Estate,* 92 Wash. 143, 158 Pac. 735. It is therefore plain that the residence of appellant and her deceased husband upon the land in controversy, prior to the filing of her declaration of homestead and her petition in this proceeding, lends no legal support to her claim of homestead rights therein.

Counsel for appellant rely upon the provisions of §§ 1465 and 1468, Rem. Code. These sections, as we noticed in our decision in *Stewart v. Fitzsimmons,* 86 Wash. 55, 149 Pac. 659, were enacted as a part of the original probate law of 1854, which was before the enactment of our community property law, and imply a title in the deceased head of a family; and while that law contemplated the vesting of title to the homestead in the widow and minor children following the death of the husband, it was, in the latter respect, in effect repealed by the homestead law of 1895. *Stewin v. Thrift,* 30 Wash. 36, 70 Pac. 116; *Stewart v. Fitzsimmons,* 86 Wash. 55, 149 Pac. 659. Our decisions in *Fairfax v. Walters,* 66 Wash. 583, 120 Pac. 81, and *Clark v. Baker,* 76 Wash. 110, 135 Pac. 1025, do seem to hold that that law remained in force in so far as it gave to the widow alone a homestead right for a limited time in separate property of her deceased husband; that, however, is not the homestead right here in question, as we understand the claim of appellant. This proceeding we construe to be an effort on the part of appellant to claim a homestead in the community property of herself and the deceased husband such as will cause an absolute title to the land so claimed to vest in her as against the claims of the heirs

of the deceased. This, we think, she could not suc-
cessfully do prior to the passing of the probate code
of 1917, since she was not qualified to make such a
claim by reason of the fact that she was not, at the
time of filing her homestead declaration and her peti-
tion in this proceeding, the "head of a family."

In *In re Borrow's Estate,* 92 Wash. 143, 158 Pac.
735, there was involved the claim of a homestead in
community property made by the surviving husband,
by the filing of his declaration of homestead after the
death of his wife, there being no minor child or other
person under his care and maintenance, and hence he
not being the "head of a family" within the meaning
of the homestead law of 1895, Rem. Code, § 553. In
that case it was squarely held that such surviving hus-
band could not successfully claim a homestead in the
community property because of his disqualification, in
that he was not the head of a family when he made his
claim therefor, after the death of his wife. A reading
of the homestead law of 1895, Rem. Code, §§ 528-561,
we think, renders it plain that the filing of a homestead
declaration by a surviving wife stands upon no dif-
ferent footing, and confers no different rights upon
her, than the filing of a homestead declaration by a
surviving husband confers upon him. In order for a
surviving wife to acquire a homestead right such as
appellant is here seeking, it is as necessary that she
be qualified by being the head of a family as it is that
a surviving husband be so qualified before he can
acquire such homestead rights. The decision rendered
by this court in *In re Murphy's Estate,* 46 Wash. 574,
90 Pac. 916, read superficially, may seem out of har-
mony with our conclusion here reached, since that was
a case where a surviving wife's homestead claim was
protected by the court, though she was entirely alone
in the world without any minor child or other person

dependent on her, that is, she was not the head of a family. The homestead right there involved had become perfected in community property by occupancy as a home by both spouses long before the enactment of the homestead law of 1895, at a time when occupancy as a home was all that was necessary to perfect such right. *Philbrick v. Andrews,* 8 Wash. 7, 35 Pac. 358; *Anderson v. Stadlmann,* 17 Wash. 433, 49 Pac. 1070; *Whitworth v. McKee,* 32 Wash. 83, 72 Pac. 1046. Manifestly, that surviving wife need do nothing other than to continue to occupy the home in order to perfect her homestead right. We conclude that appellant could not, after the death of her husband, successfully claim a homestead right in the community property such as she here seeks to acquire, prior to the passage of the new probate code of 1917.

Nor do we think she can acquire such homestead right under the new probate code of 1917. It is true that § 103 of that code, Laws of 1917, page 670, seems to materially enlarge the homestead right of each spouse when claimed after the death of the other. And it may be conceded that, if that law be controlling in our present inquiry, it would support the claim here made in appellant's behalf. It is to be remembered, however, that the rights of the heirs of J. T. Bloor, deceased, in this property accrued immediately upon the occurring of his death in 1916, and it would therefore seem to follow as a matter of course that the awarding to appellant of a homestead in this community property would be, in effect, awarding her a homestead in property the title to an undivided portion of which has already vested in the heirs of the deceased, and to that extent impair their vested rights. Rem. Code, § 1366; *Griffin v. Warburton,* 23 Wash. 231, 62 Pac. 765; *Bickford v. Stewart,* 55 Wash.

278, 104 Pac. 263, 34 L. R. A. (N. S.) 623; *Stewart v. Fitzsimmons,* 86 Wash. 55, 149 Pac. 659.

It is true that, in the last cited case, at page 62, it is recognized that the heirs take immediately upon the death of the deceased, "subject to existing laws and the right of the surviving spouse to assert a homestead out of the property." This, we think, however, can avail appellant nothing, for, as we have seen, she possessed no homestead right of the nature she here claims in this property, under the law existing at the time of her husband's death, since no declaration of homestead had been made by either of them prior to his death and she was not thereafter the head of a family. It would seem, therefore, that the inheritance rights of the heirs were not, at the time title vested in them immediately upon the death of the deceased, impaired, or subject to impairment, by any possible homestead right in appellant. Certainly it never was the intention of the legislature, in passing the probate act of 1917, to impair such vested rights by conferring a homestead right upon one who did not possess such right under existing laws in property the title to which had already vested in heirs by descent. It seems quite clear to us that the probate code of 1917 was not intended by the legislature to be retroactive in this respect; and if such legislative intent were evidenced by the terms of that act, it would indeed be difficult to escape the conclusion that it was other than unconstitutional.

In so far as there existed a homestead right in a surviving spouse under existing law prior to the passage of the probate law of 1917, it may be that the enactment of that law, expanding the homestead right of a surviving spouse, was merely a rewriting of such previously existing law looking to the preservation of

such existing rights.  This would seem to be in harmony with observations made by Judge Chadwick, speaking for the court in *In re Lavenberg's Estate,* 104 Wash. 515, 177 Pac. 328.  But that is quite a different thing from materially expanding the right of homestead in a surviving spouse, as the probate code of 1917 does, and giving it such retroactive effect as to impair inheritance rights which became fully vested in heirs before its passage.

It will be understood, of course, that our decision on the question here presented does not in the least impair whatever right, apart from her claim of homestead right, appellant may have as the widow of deceased or as his heir, in this and other community property possessed by them at the time of his death. We are quite convinced that the judgment of the trial court must be affirmed.

It is so ordered.

HOLCOMB, C. J., MITCHELL, MACKINTOSH, and MAIN, JJ., concur.