[No. 21166. *En Banc.* April 24, 1928.]

THE STATE OF WASHINGTON, *on the Relation of Colum-bia Valley Lumber Company, Appellant,* v. THE SUPERIOR COURT FOR CHELAN COUNTY *et al., Respondents.*[1]

[1] HOMESTEAD (7, 9)—DECLARATION—TIME OF ACQUISITION—VESTED RIGHTS—WHAT LAW GOVERNS. Rem. 1927 Sup., § 528, and the repeal of Rem. Comp. Stat., § 528 and amendment of § 602, makes it a condition precedent to the occupancy of a homestead during the period of redemption to file a declaration of homestead before rendition of the judgment; and the right to claim a homestead not being a vested right until the declaration is filed, the law in force at that time governs, and no vested rights are affected by the amendment.

[2] ASSISTANCE, WRIT OF (1)—NATURE AND SCOPE—DISCRETION. The issuance of a writ of assistance to put homestead claimants in possession during the period of redemption is not discretionary where it appears that the claimants had no homestead rights in the property because they had filed no declaration before entry of the judgment of foreclosure.

Certiorari to review a judgment of the superior court for Chelan county, Parr, J., entered December 2, 1927, denying a petition for a writ of assistance. Reversed.

*Crollard & O'Connor,* for appellant.

*O. P. Barrows,* for respondents.

MAIN, J.—The question in this case is whether the defendants are entitled to the possession of a house and lot during the period of redemption after the foreclosure of a mortgage thereon.

The foreclosure judgment was entered December 1, 1927. The defendants filed a declaration of homestead January 4, 1928. The property was sold January 7,

[1]Reported in 266 Pac. 731.

1928, and was purchased by the plaintiffs for the balance due on the note secured by the mortgage and the costs of the action. The sale was confirmed February 4, 1928. The defendants were the mortgagors and had been in possession of the property at all times since the execution of the mortgage. After the sale had been confirmed, the plaintiff made a demand for the possession of the premises; and this being refused, it filed a petition asking for a writ of assistance in order that it might obtain the possession of the property. The defendants answered the petition, and it was agreed that the cause should be heard by the trial court upon the petition and the answer thereto. The result was a judgment denying the petition for writ of assistance, and this is the ruling of the court that is brought here for review.

[1] The first question is as to the time when it is necessary to file a declaration of homestead. Section 528, Rem. Comp. Stat. [P. C. § 7860], provides:

"The homestead consists of the. dwelling-house, in which the claimant resides, and the land on which the same is situated, selected as in this chapter provided."

This section was amended by ch. 193, Laws of 1927, p. 265 (Rem. 1927 Sup., § 528), to read as follows:

"The homestead consists of the dwelling-house, in which the claimant resides, and the land on which the same is situated, selected at any time before rendition of judgment, as in this act provided."

It will be noticed that § 528 stated that the homestead should be selected "as in this chapter provided." By the amendment it was provided that it be selected "at any time before the rendition of judgment."

Section 529, Rem. Comp. Stat. [P. C. § 7849], among other things, provided that "such homestead may be selected at any time before sale." That section was specifically repealed by § 3, ch. 193, Laws of 1927.

Section 602, Rem. Comp. Stat. [P. C. § 7917], refers to the possession of real property during the period of redemption and in part is as follows:

"Provided further, that in case of any homestead occupied for that purpose at the time of sale, the judgment debtor shall have the right to retain possession thereof during the period of redemption. . . ."

This section was amended by ch. 93, Laws of 1927, p. 74 (Rem. 1927 Sup., § 602), to read as follows:

"Provided further, that in case of any homestead selected in the manner provided by law and occupied for that purpose at the time of sale, the judgment debtor shall have the right to retain possession thereof during the period of redemption. . . ."

It will be observed that, by the amendment, there is inserted the clause, "selected in the manner provided by law."

The obvious purpose of repealing § 529 and amending §§ 528 and 602 was to make it necessary, as a condition precedent to occupy the property by the debtors during the period of redemption, for them to file a declaration of homestead before the rendition of judgment. As we view it, taking into consideration the prior statutes together with the amendments and the repealing statute, there can be no doubt about the intent of the legislature. As the law now stands, it is necessary that the declaration of homestead be filed before judgment. In the present case, this was not done, as appears from the facts stated. The defendants, however, say that the homestead laws in force when the debt was contracted are controlling. No right of homestead was acquired by occupancy. A homestead can only be brought into existence by the filing of a declaration thereof as required by law. *Hookway v. Thompson*, 56 Wash. 57, 105 Pac. 153; *In re Borrow's Estate*, 92 Wash. 143, 158 Pac. 735;

*In re Bloor's Estate,* 109 Wash. 554, 187 Pac. 396. In the case last cited it was said:

"It had become the settled law of this state, prior to the act of 1917, that since the enactment of our general homestead law in 1895, Rem. Code, §§ 528-561, no right of homestead existed in any specific property until it was selected and such selection evidenced in writing and recorded as therein provided. *Brace & Hergert Mill Co. v. Burbank,* 87 Wash. 356, 151 Pac. 803, Ann. Cas. 1917E 739; *In re Borrow's Estate,* 92 Wash. 143, 158 Pac. 735. It is therefore plain that the residence of appellant and her deceased husband upon the land in controversy, prior to the filing of her declaration of homestead and her petition in this proceeding, lends no legal support to her claim of homestead rights therein."

While the right to file the declaration of homestead is given by statute, the homestead itself does not come into existence and become a vested right until the declaration is filed. The cases of *First National Bank of Chattanooga v. Massengill,* 80 Ga. 333, 5 S. E. 100, and *Whitworth v. McKee,* 32 Wash. 83, 72 Pac. 1046, relied upon by the defendants, are cases where the homestead had come into existence and for this reason it could not be disturbed. The difference between those cases and the present is that there the homestead had actually come into existence, while here, at the time of the amendment above referred to, the defendants did not have a homestead in the property in question because they had not at that time filed their declaration. In making the amendments, the legislature did not interfere with any vested right of the defendants.

[2] It is further contended that the issuance of a writ of assistance is discretionary and that the judgment of the trial court should not be disturbed for this reason. It may be admitted that, under certain circumstances, the matter is discretionary; but, if that

19—147 WASH.

be true, the rule would not be applicable in this case. Here, under the law specifically enacted by the legislature, the defendants had no homestead in the property, because they had not filed their declaration of homestead prior to the entry of the judgment of foreclosure. In such a case, the writ of assistance is one which the plaintiff was entitled to. In the case of *Hagerman v. Heltzel*, 21 Wash. 444, 58 Pac. 580, it was held that the plaintiffs were entitled to a writ of assistance to put them in possession of property upon which there had been a foreclosure and sale under a real estate mortgage. It was there said:

"Thus, after the sale, and until the period of redemption has expired, the right to possession of the premises is determined by the statute, and the power of the court to enforce this right by its writ continues until the title has finally passed under the decree."

After so deciding, the court made some observations with reference to the writ of assistance resting in the sound discretion of the court, but did not apply those observations in that case. The essential facts in that case and those of the present are practically the same.

It follows that the judgment must be reversed, and the cause remanded with direction to the superior court to issue the writ of assistance.

FULLERTON, C. J., MITCHELL, ASKREN, FRENCH, and PARKER, JJ., concur.