[No. 24664. Department One. November 15, 1933.]

THE STATE OF WASHINGTON, *on the Relation of Union Savings & Loan Association, Plaintiff,* v. KAZIS KAY, *Judge of the Superior Court for King County, Respondent.*[1]

*Shorett, Shorett & Taylor,* for relator.

MAIN, J.—This is a controversy over who shall occupy the premises during the year of redemption after the foreclosure of a real estate mortgage.

Elinor M. Redington was the maker of a promissory note secured by a mortgage, and the Union Savings & Loan Association was the mortgagee. The mortgagor being in default upon the note and mortgage, a foreclosure action was begun and a decree of foreclosure was entered March 1, 1933. Under the foreclosure, the premises were sold April 8, 1933, and soon thereafter the sale was confirmed. The mortgagee was the purchaser at the sale, and to it was issued a sheriff's certificate. Subsequent to the sale, the mortgagor filed her declaration of homestead. May 23, 1933, the

[1]Reported in 26 P. (2d) 1045.

mortgagee caused to be issued and to be served upon the mortgagor an order to show cause as to why a writ of assistance should not be issued placing the mortgagee in possession of the property. A hearing was had upon this application, and a judgment was entered denying the mortgagee the relief which it sought. It is this judgment that is here for review.

It will be noticed from the facts above stated that the declaration of homestead was not filed until sometime subsequent to the time that the property was sold under the foreclosure.

The question is as to the time when it is necessary to file a declaration of homestead. Prior to the year 1927, such a declaration could be filed "at any time before sale." Rem. Comp. Stat., § 529; *State ex rel. Columbia Valley Lumber Co. v. Superior Court,* 147 Wash. 574, 266 Pac. 731. At the legislative session in the year 1927 (Laws of 1927, p. 265), Rem. Comp. Stat., § 529, was repealed, and it was provided in that act that a homestead could be selected "at any time before the rendition of judgment, as in this act provided." In 1931 (Laws of 1931, p. 261), the act of 1927, relating to the time when a homestead could be selected, was amended, and it was provided in that act that:

"The homestead consists of the dwelling house, in which the claimant resides, and the land on which the same is situated, selected at any time before sale, as in this chapter provided, but unless such homestead is selected before or within thirty days after a notice in writing of the entry of a judgment, served in the manner provided by law for the service of summons in civil actions, it shall not be exempt from sale." Rem. Rev. Stat., § 528.

It will be noticed that this act, after amending the act which provided that the homestead must be selected before judgment, provided that it might be selected at

any time before sale. Following this is a provision to the effect that, if, after judgment, notice is served of the entry thereof, in the manner provided for, then the homestead must be selected within thirty days thereafter. The meaning of the statute seems plain. It gives the right to select before sale, and follows this with a provision that that time may be shortened in the event that notice is served as therein provided. There is no conflict between the authorization to select before sale and the requirement that, if notice is given, it must be selected within thirty days after the same is served in the manner provided in the act.

In the present case, the declaration of homestead not having been filed until after the sale, it was ineffectual. The homestead right does not attach until the declaration is filed for record. *Hookway v. Thompson,* 56 Wash. 57, 105 Pac. 153; *In re Bloor's Estate,* 109 Wash. 554, 187 Pac. 396. The trial court was in error in refusing to grant the writ of assistance and place the mortgagee, the purchaser at the sale, in the possession of the property.

The judgment will be reversed, and the cause remanded with direction to enter a judgment as herein indicated.

BEALS, C. J., MITCHELL, STEINERT, and BLAKE, JJ., concur.